DANIEL C. TILDEN AND THOS. M. CROCKER, IMPLEADED ETC. v. HENRY D. BARNARD, ASSIGNEE OF WM. D. MORTON.

*Promissory note—Signature—Bona fide holder.*

The addition "Vestryman, Grace church," to each of the names attached to a promissory note does not make it any thing but the note of the individuals signing it, if it does not purport to bind the corporation.

Where the cashier of a bank is one of the makers and payees of a note, the bank cannot take it as a *bona fide* holder without notice.

A finding that a note was transferred before maturity for a valuable consideration and that at the time the transferee had no knowledge of the details of its origin, cannot be regarded as equivalent to a finding that he was a *bona fide* holder for value.

Error to Macomb. Submitted April 16. Decided April 21.

ASSUMPSIT on the following promissory note:

$367.09.          MT. CLEMENS, MICH., May 10, 1875.

Ninety days after date we promise to pay to the order of Daniel C. Tilden, cashier, three hundred sixty-seven 09-100 dollars at the First National Bank, with interest at ten per cent per annum, after maturity, value received.

DANIEL C. TILDEN, vestryman, Grace church.
W. C. TENNANT,        "        "        "
GEO. R. LAW,          "        "        "
T. M. CROCKER,        "        "        "
J. R. TRUFANT,        "        "        "

Endorsed, "Pay W. D. Morton & Co. or order."

·                                         DANIEL C. TILDEN,
WM. D. MORTON & Co.                        Cashier.

The case was heard by the court without a jury and judgment was given for plaintiff. Defendants Tilden and Crocker bring error.

*Edgar Weeks* and *H. B. Hutchins* for plaintiffs in error. A church is liable on a note given by the vestrymen as such, *Brockway v. Allen* 17 Wend. 40; *Rice v. Gove* 22 Pick. 158; *Carpenter v. Farnsworth* 106 Mass. 561; *Chipman v. Foster* 119 Mass. 189; *Babcock v. Beman* 1 Ker.

200; *Shelton v. Darling* 2 Conn. 435; *Hovey v. Magill* id. 680; *Magill v. Hinsdale* 6 Conn. 469; *Johnson v. Smith* 21 Conn. 627; *Long v. Colburn* 11 Mass. 97; *Ballou v. Talbot* 16 Mass. 460; *Despatch Line of Packets v. Bellamy Mfg. Co.* 12 N. H. 229; *Farmers & Mech. Bank v. Troy City Bank* 1 Doug. (Mich.) 457; *Emerson v. Providence Hat Co.* 12 Mass. 237; *Alexander v. Sizer* L. R. 4 Ex. 102; *Means v. Swormstedt* 32 Ind. 87; *Gaff v. Theis* 33 Ind. 307; 1 Pars. N. & B. 168–170; Ang. & Ames on Corp. §§ 293–6; Story on Agency §§ 154–5; Story Prom. Notes § 69.

*James B. Eldridge* and *Barbour & Rexford* for defendants in error. The addition of words indicating official position to the signature to a promissory note is not enough to bind any one but the individual, *Hills v. Bannister* 8 Cow. 32; *Fiske v. Eldridge* 12 Gray 474; *Bass v. O'Brien* id. 477; *Haverhill Mutual Fire Ins. Co. v. Newhall* 1 Allen 130; *Taft v. Brewster* 9 Johns. 334; *Powers v. Briggs* 79 Ill. 493; *Barker v. Mech. F. Ins. Co.* 3 Wend. 94; *Moss v. Livingston* 4 Comst. 208; Daniell Neg. Inst. § 403; Chitty on Bills 37; Story Prom. Notes § 70.

MARSTON, C. J. The court below was undoubtedly correct in so far as the note sued upon was held to be the note not of the church or corporation but that of the individuals who signed it. The promise was not made by the corporation, and the instrument did not pretend to bind the corporation, and the addition to the names of the persons signing would not change the character of the agreement.

The court below did not find that the present plaintiff was or claimed through a *bona fide* holder. On the contrary we think it does appear that if the note was at any time negotiated to the First National Bank, of which Tilden, one of the makers and payee of the note, was cashier, the bank was not a *bona fide* holder. The finding is that the note went into the books of Tilden & Co.

or of the First National Bank as the note of Grace church. It may have been entered upon the books, if it ever was, for collection only.

The finding that it was transferred to Morton before maturity for a valuable consideration, and that at such time Morton had no knowledge of the details of the origin of the note, is, to say the least, somewhat ambiguous, and we are of opinion is not equivalent to finding Morton a *bona fide* holder for value. The court does not in express terms find Morton a *bona fide* holder, nor does he find the facts necessary to constitute him such. A transfer of the note before due for a valuable consideration is not sufficient.

The same defense is therefore open to these defendants that would have been if the action had been brought by the payee Tilden. The church was owing Tilden upon a past due indebtedness to the amount of this note which was undoubtedly given upon the supposition that it was the note of the church given for such indebtedness. The indebtedness of the church to Tilden was neither extended nor canceled nor changed in the slightest degree by the giving of this note. In so far as these parties were concerned there was no consideration to support the giving of it. No benefit accrued to them, nor even to the church they thought they were acting for. No injury was sustained from the giving and acceptance of this note by Tilden. His claim against the church remained in full force and in no way affected by the transaction. His legal rights were the same after as before. The case is too clear to require farther argument or citation of authorities.

The judgment must be reversed with costs of both courts.

The other Justices concurred.