KANE *v.* DETROIT LIFE INSURANCE CO.

1. INSURANCE—LIFE INSURANCE—EVIDENCE—ADMISSIBILITY—CONSPIRACY—FRAUD.

In an action on life insurance policies, testimony that a blank application was signed by assured and was afterwards filled out by the solicitor and that some of it was filled out by the secretary of defendant's city manager, and at her suggestion; testimony of conversations with said secretary, and said city manager; and also testimony tending to show that deceased was an illiterate man and unfamiliar with the English language, *held*, properly received as bearing upon the anticipated defense that there was a fraudulent conspiracy between the solicitor and assured to conceal from defendant the true facts and thereby obtain the policies.

2. SAME—EVIDENCE TO MEET ANTICIPATED DEFENSE.

The admission of testimony to meet an anticipated defense, which later, upon request, was stricken out when it became apparent that it would have no bearing on the ultimate questions for the jury to decide, *held*, not reversible error.

3. APPEAL AND ERROR—NEW TRIAL—EVIDENCE—GREAT WEIGHT OF EVIDENCE.

In determining the question as to whether the trial judge was in error in denying the motion for a new trial on the ground that the verdict was against the great weight of the evidence, the Supreme Court is not the trier of the facts, and may only reverse when it can be said that the verdict is against the clear weight of the evidence.

4. SAME.

Evidence reviewed, and *held*, that the verdict is not so manifestly against the clear weight of the evidence as to require reversal; nor does it appear to be the result of prejudice or the reception of improper evidence.

Error to Wayne; Mayne (Frederick W.), J., presiding. Submitted April 6, 1921. (Docket No. 19.) Decided June 6, 1921.

Assumpsit by Sam Kane and another against the Detroit Life Insurance Company on certain policies of insurance. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Frank H. Watson,* for appellant.

*Drooek & Kaufman* (*Fred H. Aldrich,* of counsel), for appellees.

FELLOWS, J. The facts in this case were stated in the opinion when this case was here before. *Kane* v. *Insurance Co.,* 204 Mich. 357. This renders their repetition unnecessary. Another trial has been had resulting in a verdict by a jury in favor of the plaintiffs. The controlling law of the case was there settled. The second trial was had in conformity with it. Defendant now insists that there is reversible error upon the present record in the admission of testimony, and that the verdict should have been set aside as against the weight of the evidence.

An examination of the record when the case was here before discloses that the testimony objected to was also received on the first trial over objection, and that error was likewise there assigned upon its admission. While it was not then as fully discussed in defendant's brief as it now is, the question was before the court, but was not considered as of sufficient controlling importance to require discussion and decision. The testimony objected to tended to show that a blank application for the insurance was signed by the deceased and was afterwards filled out by Solomon, and that some of it was filled out by the secretary of Mr. Meltzer, city manager of defendant, and at her suggestion; conversations with her and with Mr. Meltzer were also received over objection; testimony was also received tending to show that deceased was an illiterate man and unfamiliar with the English tongue. Undoubtedly this testimony was properly received as bearing upon the anticipated defense that there was a fraudulent conspiracy between Mr. Solomon and deceased to conceal from defendant the true facts and thereby obtain the policy. *Ketcham* v. *Accident Ass'n,* 117 Mich. 521, cited and quoted from in the former opinion. Later the court instructed the jury to disregard some of this testimony, being all that defendant's counsel then called attention to. We are not persuaded that there is any reversible error in the reception of this testimony. It not infrequently occurs in the trial of lawsuits that testimony comes into a case in anticipation of a claim as to the law and which is proper to meet such claim if made, but which becomes unimportant when the trial judge finally concludes upon what theory he will submit the case to the jury. If such testimony has no bearing upon the ultimate questions for the jury to decide, the trial judge upon proper request should, usually does, and in this case did, instruct the jury to disregard it. We must assume

that the jury was made up of intelligent men who understood and gave heed to the charge of the court. It was clear and concise; easily understood and is not complained of.

Counsel for defendant has by proper motion and exceptions reserved for our consideration the question of whether the verdict was against the weight of the evidence. The crucial question in the case as it was submitted to the jury was whether the officers of the company knew that Mr. Kane's application for insurance had been declined by the New York Life Insurance Company—that he was a rejected risk. Mr. Solomon testified that he so informed them; this they deny. In determining the question now before us, it must be borne in mind that we are not the triers of the facts, that we are only to decide whether the trial judge committed error in denying the motion for a new trial, and that we may reverse on this ground only when the verdict is against the clear weight of the evidence. In *Pachuczynski* v. *Railway*, 202 Mich. 594, this court said:

"But in the determination of the question in this court it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence."

See, also, *Gardiner* v. *Courtright*, 165 Mich. 54; *Krouse* v. *Railway*, 170 Mich. 438; *Fike* v. *Railroad Co.*, 174 Mich. 167; *Druck* v. *Antrim Lime Co.*, 177 Mich. 364; *McGary* v. *Buick Motor Co.*, 182 Mich. 345; *Darling* v. *Railway Co.*, 184 Mich. 607; *Faulkner* v. *Parish Manfg. Co.*, 201 Mich. 182.

The jury had the right to consider the interest of the

witnesses.  Mr. Solomon was disinterested so far as this record discloses.   His testimony in some regards is inconsistent; the jury had before it these inconsistencies.  Defendant's officers were interested.  The jury had the right to consider this and the further fact that they were busy men, handling probably hundreds of transactions monthly.  The actuary of the company has a distinct recollection of the president bringing Mr. Solomon to him and introducing him.  The president does not remember ever seeing Mr. Solomon until the first trial.  The trial judge who saw the witnesses was not persuaded that he should grant a new trial on this ground.  A careful examination of this record satisfies us that the verdict is not so manifestly against the clear weight of the evidence that we should set it aside, nor are we satisfied that it is the result of prejudice or the reception of improper evidence.

The judgment will be affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.