DANCIEWICZ v. KANN.

1. CHATTEL MORTGAGES—INSECURITY CLAUSE — CONVERSION — GOOD
FAITH OF MORTGAGEES QUESTION FOR JURY.

In an action for the conversion of certain personal prop-
erty which defendants seized and sold under a clause in
a chattel mortgage giving them the right to take posses-
sion, etc., in case they deemed themselves insecure, the
good faith of defendants, under the circumstances, held,
properly submitted to the jury.[1]

2. SAME — CONVERSION OF PROPERTY NOT COVERED BY MORTGAGE
QUESTION FOR JURY.

Plaintiffs' claim that two cows, not covered by the chattel
mortgage, were taken by defendants when they seized the
property covered by the mortgage, held, properly sub-
mitted to the jury.[2]

3. SAME—TENDER NOT NECESSARY WHERE DEBT NOT DUE.

Defendants' contention that, before bringing this action,
plaintiffs should have tendered the amount due on the
mortgage, cannot be sustained, where the record shows
that the debt secured by the mortgage was not yet due,
and the property taken had been sold by defendants;
in such case no tender being necessary.[3]

4. SAME—TRIAL—INSTRUCTIONS PROTECTED MORTGAGEES' RIGHTS.

Where the debt was due at the time of the trial, and
the jury were instructed to deduct the amount thereof
from the value of the property taken, defendants' rights
were fully protected.[4]

5. NEW TRIAL—WEIGHT OF EVIDENCE.

Where the trial court refused to set aside the verdict as
"against the overwhelming weight of the testimony," and
as "unreasonable and excessive," and the same reasons
are urged before the appellate court, a new trial will not
be ordered.[5]

---

[1]Chattel Mortgages, 11 C. J. § 254; [2]Id., 11 C. J. § 297; [3]Id.,
11 C. J. § 290 (1926 Anno); [4]Id., 11 C. J. § 298a (1926 Anno);
[5]Appeal and Error, 4 C. J. § 2875.

6. COSTS—UNACCOUNTED FOR DELAY OF COUNSEL FORFEITS RIGHT TO
   COSTS.
   Where the case was filed in the Supreme Court on Sep-
   tember 15, 1922, appellant's brief was filed on October
   28, 1922, and the case was submitted on October 7, 1924,
   but the brief for appellees was not filed until November
   26, 1924, by which time the opinion had been prepared,
   and the delay of counsel in filing his brief and bringing
   the case on for hearing is in no way accounted for, he
   is not entitled to any attorney fee or the expense of print-
   ing his brief, and therefore no costs are allowed him in
   the Supreme Court.[6]

Error to Mason; Cutler (Hal. L.), J.    Submitted
October 7, 1924.    (Docket No. 7.)    Decided De-
cember 10, 1924.

Case by Anton Danciewicz and another against
Adolph Kann and another for the conversion of certain
personal property.    Judgment for plaintiffs.    De-
fendants bring error.    Affirmed.

*Howard L. Campbell,* for appellants.

*Robert J. Quail,* for appellees.

SHARPE, J.    On March 22, 1918, plaintiffs executed
a chattel mortgage on certain personal property owned
by them to the defendant Adolph Kann to secure two
notes, one due on November 1, 1918, and the other
due November 1, 1919, each for the sum of $200.    On
March 22, 1919, another mortgage was executed to
secure a note for $403, due November 1, 1919, being
the balance due on the notes theretofore given and
covering a part of the same and some additional per-
sonalty.    The first notes and mortgages were retained
by Mr. Kann.    Plaintiffs paid $28 on the note last
given about a week after it was executed.    Both

[6]Costs, 15 C. J. § 638a (1926 Anno).

mortgages contained the usual provision for the mortgagee's taking possession, etc., in case he deemed himself insecure.

On the 25th day of April, 1919, 34 days after the second mortgage was given, the defendant Jack Kann, claiming to be acting for Adolph, went to plaintiffs' premises, accompanied by Mr. Siegel, the cashier of the People's State Bank at Scottville, which bank also held a chattel mortgage on certain of plaintiffs' personalty, which had been extended on April 9th to October 14, 1919, and in which additional property had also been included, and caused all of the property described in the mortgage which could be found to be taken away.

It appears that the State Savings Bank of Scottville also held a mortgage on some of plaintiffs' property, and that Mr. Alway, a representative of this bank, was present when the property was taken later in the day by men sent by Siegel and Kann.

The Kann mortgages were foreclosed and the property sold for $229. Plaintiffs bring this suit, claiming unlawful conversion of their property by defendants. There was proof that it was worth upwards of $800. They also claimed that two cows were taken that were not included in the mortgages. The defendants by way of counterclaim asked verdict and judgment for the difference between the amount due on the note and what the property sold for. Plaintiffs had verdict and judgment for $175. Defendants bring error.

Defendants moved for a directed verdict, and here insist that there was no disputed question of fact to submit to the jury. The court submitted two, first, Was possession of the property taken by defendants in good faith for the reason that Adolph Kann deemed "himself insecure," as provided for in the mortgages? He was not sworn as a witness, but the other defendant, who was acting for him, testified to facts which

counsel claim would have justified a finding in his favor. On the record as made, the question was for the jury. When the first note became due, Mr. Kann might, in default of payment, have foreclosed. Instead of doing so, he extended the time for payment. The new mortgage covered stock and implements not in the old one, and also 11 acres of growing crops. His claim that he deemed himself insecure was based largely on the statement, said to have been made by Anton, that he had lost some stock and that it had been poisoned by his neighbors. This he denied. There was no proof that plaintiffs were disposing of their property or removing the same. The exercise of the power conferred by the mortgage so soon after the second mortgage was given, in which additional property had been included, and the testimony of the plaintiff Anton that the defendant took possession without ascribing any real reason therefor, raised an issue for the jury on the exercise of good faith. As was said in *Woods* v. *Gaar, Scott & Co.*, 93 Mich. 143, 147:

"These clauses are inserted with reference to possible changes in conditions or circumstances, or new developments affecting the mortgagee's security. The right to take possession and at once proceed to sell plaintiff's property was not a mere option, to be arbitrarily exercised, without reference to changed conditions or the conduct of the mortgagor. A vendor of personal property will not be allowed to * * * capriciously deem himself insecure and take possession of the property."

It is also there said that "the real question * * * is the good faith of the mortgagee," and that—

"A reason may not strike the jury as a good reason, yet the mortgagee may act in entire good faith, and in such case there can be no liability."

The jury were instructed to apply these rules to the

facts as they found them to be, with the result stated.

The other question submitted related to the two cows not included in the Kann mortgages, which plaintiffs claim were taken. There was proof to justify the instruction given.

Defendants insist that before beginning suit plaintiffs should have tendered the amount due on the mortgage. Had the suit been brought after the mortgage debt became due, and while the defendants were still in possession of the property, there would be force in this contention. But the debt owing by plaintiffs was not yet due, and the property taken had been sold by defendants under the power of sale in the mortgage. This being so, no tender was necessary. The debt was due at the time of the trial, and the jury were instructed to deduct the amount thereof from the value of the property taken. Defendants' rights were thus fully protected.

It is urged that the verdict "is against the overwhelming weight of the testimony," and that it "was unreasonable and excessive." The trial court was unwilling to set aside the verdict for these reasons. His opportunity, and that of the jury, for determining the weight to be given to the testimony of the several witnesses is so much better than ours that we must decline to order a new trial.

The judgment is affirmed.

The record in this case was filed in this court on September 15, 1922. Appellants' brief was filed on October 28, 1922. The case was submitted on October 7, 1924. The brief on the part of the appellees was not filed until November 26, 1924. The delay of plaintiffs' counsel in filing his brief and bringing the case on for hearing is in no way accounted for. Clients, unless otherwise advised, place the blame for delays upon the courts. The interest of his client demands prompt action on the part of an attorney. This

opinion was prepared before the brief for appellees was filed.    Their attorney is not entitled to an attorney fee or the expense of printing his brief.    No costs will be allowed him in this court.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.