POWERS *v.* SUPERIOR SAND & GRAVEL CO.

NEW TRIAL—GREAT WEIGHT OF EVIDENCE—COURT MAY NOT INVADE PROVINCE OF JURY.

A motion for a new trial on the ground that the verdict was against the great weight of the evidence was properly denied where there was testimony to support the verdict, and the court could not set it aside without invading the province of the jury.[1]

[1]New Trial, 29 Cyc. p. 821.

Error to Wayne; Webster (Arthur), J.   Submitted October 7, 1925.   (Docket No. 19.)   Decided December 22, 1925.

Assumpsit in justice's court by Henry A. Powers against the Superior Sand & Gravel Company for services rendered.   There was judgment for defendant, and plaintiff appealed to the circuit court.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*E. R. Milburn* and *Prewitt Semmes,* for appellant.

*Havelock J. Northmore,* for appellee.

BIRD, J.   Plaintiff was in the employ of defendant from July 1, 1921, to September 1, 1922, soliciting orders for sand and gravel.   When he began work his salary was $165 a month.   Later it was increased to $225.   Defendant gave plaintiff a final check for his August (1922) salary, and afterwards stopped payment on it.   This suit was brought to recover on the unhonored check.   He was unsuccessful in the justice's court, but on appeal in the circuit court he recovered the amount of his claim.

The defendant raises but one question.   That question was the failure of the trial court to allow a new trial on the ground that the verdict was against the great weight of the evidence.   It appears that when plaintiff was employed he had no automobile.   The character of the work required the use of one, so defendant furnished him a Dodge touring car and allowed him $60 per month as operating expenses. Plaintiff used this car three or four months when defendant exchanged it for a new car, and allowed him operating expenses at $60 a month, which was later raised to $75.

It was the contention of defendant that it bought the car for plaintiff; that it retained for several months $75, the amount allowed for operation, to apply on the purchase price. Later, upon complaint of plaintiff that the operating allowance was not large enough to cover the cost, it deducted $50 and gave him the $25 in cash. The defendant claimed that it advised plaintiff when he came to work that all their men had to furnish their own cars, and as he was unable to finance one it purchased it for him, and permitted him to make monthly payments thereon.

This is denied by plaintiff. He denies he ever purchased the car, or ever agreed to purchase it. He insists the new car was furnished him by the defendant on the same basis as the first car, and the same as his previous employer had done. There is practically no disagreement of consequence upon any other phase of the case. On this question there was a sharp conflict of testimony, and after a very clear submission of the question by the court the jury accepted plaintiff's contention. It is not improbable that the jury were affected by the fact that for four months the company had furnished plaintiff a car and given him $60 a month for its operation, and no reason appeared, aside from defendant's rule, why he should purchase the car and wear it out in the service of the company and receive nothing therefor beside the cost of operation. We are not persuaded that the verdict was against the great weight of the evidence. It was a question of believing plaintiff or some of the officers of defendant. It appears to the writer that plaintiff was wrong about it. If he were right in his contention certain conduct and statements of his are exceedingly difficult of explanation, but that alone does not justify us in saying the verdict was against the great weight of the evidence. The jury heard the testimony, which supported the respective contentions, and there was

room for them to decide the question either way.    We do not feel that we can disturb the judgment without invading the province of the jury.

The judgment will be affirmed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.