DALEIDEN *v.* STEVENS.

1. APPEAL AND ERROR — DAMAGES — VERDICT NOT INFLUENCED BY PREJUDICE, ETC., NOT DISTURBED.
   The finding of the jury as to the amount of damages awarded for alienation of wife's affections should not be disturbed, on error, unless it appears that it was influenced by prejudice, sympathy, or some cause entirely outside of the record, and that the decision does not find support in the record.[1]

2. TRIAL—JURY DECIDES FACTS.
   The jury determines the facts.[2]

[1]Appeal and Error, 4 C. J. § 2847; [2]Id., 4 C. J. § 2830.
Excessiveness of damages in actions for alienation of affections, see note in 42 L. R. A. (N. S.) 582.

3. APPEAL AND ERROR — EXCESSIVE VERDICT — WHEN DENIAL OF
   MOTION FOR NEW TRIAL DECLARED ERROR.
   Where the motion for a new trial on the ground that the
        verdict was excessive and against the great weight of
        the evidence was denied by the trial court, the only ques-
        tion for the Supreme Court to decide is whether the trial
        court' erred in denying said motion, and error will not
        be declared in this respect unless the verdict is manifestly
        against the clear weight of the evidence.[3]

4. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—DAMAGES—
   EXCESSIVE VERDICT.
   Verdict of $2,000 for alienation of wife's affections, *held*,
        not excessive or unwarranted under the evidence.[4]

Error to Allegan; Cross (Orien S.), J.    Submitted
April 8, 1926.  (Docket No. 41.)    Decided June 7,
1926.

Case by John Daleiden against Oscar Stevens for
alienation of the affections of plaintiff's wife, and for
assault and battery.    Judgment for plaintiff.    De-
fendant brings error.    Affirmed.

*Robinson & Parsons*, for appellant.

*Clare E. Hoffman*, for appellee.

SNOW, J.    Plaintiff's declaration alleges two causes
of action against the defendant, one for alienation of
the affections of his wife, and one for assault and
battery.    A judgment was rendered in his favor for
$2,000 on each count.    The judgment for assault and
battery is not complained of, but that for alienation
of affections is reviewed by defendant on writ of
error, his sole claim being that the amount was ex-
cessive and against the great weight of the evidence.
This question was properly raised by motion for a new
trial, which was denied by the circuit judge.

Plaintiff's family consisted of himself, his wife, a

[3]Appeal and Error, 4 C. J. §§ 2830 (Anno), 2834 (Anno);
[4]Husband and Wife, 30 C. J. § 1030.

girl of 18 years, and three boys, the youngest five years of age.    He was a common laborer, usually working on a farm or teaming.    He and his wife had domestic difficulties to some extent, and there is evidence that he failed to support her.    At any rate there was a separation and she applied for a divorce, which, after trial, was denied her.    Defendant's associations with her were for the most part, although not entirely, after her separation from her husband.    At the close of the divorce trial he and plaintiff engaged in an altercation which resulted in a serious injury being done to plaintiff.    Defendant was warned by a minister to keep away from plaintiff's wife, and he promised to do so, expressing his opinion that she was a nice looking woman.    He made her a present of a bushel of apples marked "From Mike;" he visited her frequently at the store where she worked; he took her out riding and remained until late in the evening; he met and talked with her at frequent intervals; she was seen to leave his car at night, and she rode with him after she had refused to ride with her husband. She wrote him a letter, to which he made the following reply:

"Your letter sure was a trump, it certainly hit the spot.    Wish I could write one like it.    Now, dear, I couldn't go to Kazoo this Saturday night as I don't feel very good yet.    That kick from the horse makes me feel quite dull yet, and some headache too, so we wouldn't enjoy the trip as well as we would some other time, possibly one or two weeks later.    Certainly dear, that will be one great day of my life.    I shall look forward to the trip whenever convenient for you, if you think we can go without being caught in the act."

No complaint is made of the court's rulings upon the trial, nor of the instructions to the jury.    Should the finding of the jurors then be disturbed?    It should not be unless it appears that they were influenced by

235—Mich.—8.

prejudice, sympathy, or some cause entirely outside of the record, and that their decision does not find reasonable support in the evidence.    Such condition might, and frequently does, obtain, but it is not probable when it is not claimed the court permitted them to consider anything of doubtful or questionable competency, and when the instructions were proper and unobjectionable.

It must not be forgotten that the jury determines the facts, and it is the province of this court only to decide the question of whether or not the trial court committed error in denying the motion for a new trial. We have said in effect many times that we will not declare error in this respect unless the verdict is manifestly against the clear weight of the evidence.    *Krouse* v. *Railway,* 170 Mich. 442; *Gardiner* v. *Courtright,* 165 Mich. 61, and cases there cited; *McGary* v. *Buick Motor Co.,* 182 Mich. 345, and cases there cited; *Porth* v. *Cadillac Motor Car Co.,* 209 Mich. 89; *Nagi* v. *Railway,* 231 Mich. 457; *Powers* v. *Superior Sand & Gravel Co.,* 233 Mich. 22; *Danciewicz* v. *Kann,* 229 Mich. 128; *Nichols* v. *Railway Co.,* 209 Mich. 331, and many others.

In the instant case the defendant knew this woman was married and the mother of a family.    He was warned to leave her alone.    He persisted in his attentions, and whether it was before or after the separation with her husband, defendant's conduct was without legal or moral justification.    *Philpott* v. *Kirkpatrick,* 171 Mich. 495.    We do not think the verdict excessive or unwarranted by the evidence.

Judgment is therefore affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.