### In re WAGONMAKER'S ESTATE.

1. APPEAL AND ERROR—SUPREME COURT WILL NOT SET ASIDE DE-
TERMINATION OF JURY ON ISSUES OF FACT.

> In a will contest case, where there were upwards of 20 wit-
> nesses produced by each party, and the testimony on the vital
> issues was in direct conflict, it is not within the province of
> the Supreme Court to set aside the determination of the jury
> on the issues of fact.

2. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

> Charge of the court, *held*, a fair presentation of the law appli-
> cable to the case, covering requests to charge in so far as
> they were essential to a proper statement of the law.

Error to Kalamazoo; Weimer (George V.), J.
Submitted April·24, 1928. (Docket No. 11, Calendar
No. 33,252.) Decided October 1, 1928.

Jacob Wagonmaker presented for probate the last
will of Mary Wagonmaker, deceased. The will was
certified to the circuit court. Judgment for pro-
ponent. Contestants bring error. Affirmed.

*Harry C. Howard,* for appellants.

*Glenn R. Faling,* for appellee.

NORTH, J. This is an appeal from the verdict of a
jury sustaining the will of Mary Wagonmaker. The
testatrix died on the 20th day of February, 1925,
leaving a will which purports to have been executed
on the 30th day of November, 1920. Her husband
died in 1914 leaving to her all of his property, which

consisted of 65 acres of farm land near the city of Kalamazoo, two houses and lots located in the city of Kalamazoo, and considerable personal property. One piece of the city property was sold by the testatrix during her lifetime. She was survived by four sons, one daughter, and a granddaughter who was the child of a deceased daughter. Each of these was specifically mentioned in the will. The daughter, Grace Boekeloo, was given nothing under the will, but it was recited that the testatrix had expended substantial sums in behalf of this daughter and her children. Likewise, the son Henry Wagonmaker took nothing under the will, although by its terms he was released from the obligation of paying to the estate a debt which the testatrix asserted he was owing her. A bequest of $100 was made to the granddaughter, Mary Boodt, and the will contained a recital that this amount, together with what the testatrix had previously paid to said grandchild and her mother, constituted an adequate portion of the estate. The house and lot in the city of Kalamazoo was given to the two sons, Peter and Claus, this property being of the value of substantially $2,500. The residue of the estate was left to the proponent, Jacob Wagonmaker. This included real property valued at substantially $8,500 and personal estate.

There is some uncertainty in the record as to the age of the testatrix at the time of executing her will, it being indicated by some of the proof that she was then 76 years of age, and by other that she was approximately 80. The will was prepared by an attorney who had represented the testatrix in the proceedings incident to probating her husband's estate and in other business matters. He was a witness for the proponent, and he testified that Mrs. Wagonmaker came to his office alone on the oc-

casion of employing him to prepare her will, that she informed him as to her desires relative to the disposition of her property, and that he prepared the will accordingly. On a subsequent date she again appeared at the office of her attorney unaccompanied, and, after having had the will read over to her and expressing her satisfaction with the provisions therein contained, the instrument was duly executed. Its validity is now questioned, it being alleged that Mrs. Wagonmaker was mentally incompetent at the time of making the will and that she was unduly influenced.

At the trial in the circuit testimony was taken at length in behalf of the respective parties, and the conflict of testimony which is quite commonly characteristic of will contests is found in this record. From the evidence offered in behalf of the contestants it was claimed that the testatrix suffered from delusions and failing mentality to such an extent that at the time of making her will she was unable to retain in her mind the nature and extent of her property or the immediate members of her family who were the natural objects of her bounty, and that this condition was due in part at least to the fact that the testatrix suffered from *arterio sclerosis.* It was also claimed that she was subjected to undue influence by her son Jacob, the proponent of the will. At the hearing in this court it was vigorously insisted by the appellants that their proof along the lines hereinbefore indicated was such that the finding of the jury sustaining the will should be held to be contrary to the weight of the evidence. On this phase of the case we are confronted with a record which discloses that upwards of 20 witnesses were produced by the proponent and substantially the same number by the contestants. In view of the

direct conflict in the testimony on the vital issues in the case it is not within the province of this court to set aside the determination of the jury on the issues of fact. The trial court considered this question incident to a motion for a new trial, and his determination was adverse to the present contention of the appellants. *Kane* v. *Insurance Co.*, 214 Mich. 329; *Sabin* v. *Southard*, 218 Mich. 227; *Noll* v. *Hirschfeld*, 224 Mich. 439; *Daleiden* v. *Stevens*, 235 Mich. 111; *Romanwick* v. *Highland Park State Bank*, 235 Mich. 217; *Marsh* v. *Barnard*, 236 Mich. 471.

Numerous assignments of error are based upon rulings of the trial court relative to receiving testimony. We have given careful consideration to such of these assignments as have been discussed in appellants' brief, but do not find that any of the court's rulings were prejudicial to the rights of the appellants or such as would justify setting aside the verdict.

A number of assignments of error based upon the charge of the court as given or the refusal to give certain requests presented by the appellants are considered in their brief. We are of the opinion that the charge given to the jury was a fair presentation of the law applicable to the case, and that, in so far as the requests preferred by the contestants were essential to a proper statement of the law, they were covered by the charge of the court as given.

The judgment is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.