SIMON *v.* TROPP.

1. BILLS AND NOTES—SIGNATURE—LIABILITY OF SIGNER.

Under negotiable instruments law (2 Comp. Laws 1915. § 6061), person signing in representative capacity is not liable on instrument, if he was duly authorized, but mere addition of words describing him as agent or as acting in representative character does not exempt him from liability.

2. EVIDENCE—BILLS AND NOTES—PAROL EVIDENCE.

If, on consideration of whole instrument, doubt arises as to whether instrument was signed in representative capacity, parol evidence is admissible to show whether signing was in representative capacity or individually.

3. SAME—SIGNATURE.

Signature to note followed by descriptive words, raising doubt as to whether it was signed in representative capacity, rendered parol evidence admissible to show whether it was signed in individual or representative capacity.

Error to Wayne; Keidan (Harry B.), J. Submitted October 7, 1930. (Docket No. 22, Calendar No. 34,694.) Decided December 2, 1930.

Assumpsit by Max Simon and Jacob Leeman, copartners, doing business as Simon & Leeman, against Edmund Tropp on a promissory note. Judgment for plaintiffs. Defendant brings error. Affirmed.

*McIntyre & McIntyre*, for plaintiffs.

*Fritz L. Radford* and *George M. Lehman*, for defendant.

SHARPE, J. Plaintiffs brought this action to recover on a promissory note reading as follows:

"$656.72                         January 5th, 1926.
"Sixty days after date we promise to pay to the order of Simon & Leeman six hundred fifty-six 72/100 dollars payable at Wayne County Bvd. Branch, value received with interest at the rate of 6 per cent. per annum.
"No.......... Due March 6th,
                    "EDMUND TROPP,
             "Boulevard Terrace Co., Pres."

Defendant contends that the note is one given by the Boulevard Terrace Company, of which he was president. The case was tried before the judge without a jury. Plaintiffs had judgment. Defendant seeks review by writ of error.

Error is assigned upon the admission of testimony detailing the circumstances under which the note was executed and delivered.

Section 6061, 2 Comp. Laws 1915 (negotiable instruments law, art. 1, § 22), reads as follows:

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

In *Wright* v. *Drury Petroleum Corp.*, 229 Mich. 542, the following from 1 Joyce, Defenses to Commercial Paper (2d Ed.), § 27, was quoted with approval:

"If, on consideration of the whole instrument, a doubt arises whether the instrument was signed in a representative capacity, parol evidence is admissible to show whether the signing was in a representative capacity or individually."

The manner in which the signature was appended raises a doubt in our minds, as it did in that of the trial court, as to whether it was signed by defendant in his individual or representative capacity. The parol evidence was therefore admissible, and under it defendant's personal liability was clearly established.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.