## SCOTT *v.* BONTEKOE.

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—EVIDENCE—DAMAGES.

In action for alienation of wife's affections, effect of defendant's conduct after separation of husband and wife was for jury, both upon cause of action and measure of damages, and therefore instruction of court that it should be considered only as bearing on relations before separation was error.

Case-made from Ottawa; Miles (Fred T.), J. Submitted October 15, 1930. (Docket No. 92, Calendar No. 35,114.) Decided December 2, 1930.

Case by Harley Scott against John Bontekoe for alienation of the affections of his wife. Plaintiff reviews nominal verdict and judgment by case-made. Reversed.

*Robinson & Parsons,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant.

FEAD, J. The action is for alienation of affections. Plaintiff had judgment for six cents damages, and reviews by case-made.

Plaintiff and his wife were married February 23, 1929, separated July 10, 1929, and divorced, on bill filed by plaintiff, October 10, 1929. There was testimony of acts of affection between defendant and plaintiff's wife both before and after July 10th, the last incident being on August 11th.

The court charged the jury, in substance, that the cause of action was complete on July 10th, that subsequent conduct of defendant did not influence the wife's feelings toward her husband, and the testimony of acts thereafter was received only as bearing on the relations before that date and not for the purpose of showing that the affections were alienated.

The instruction contravened the rule that a husband and wife, although estranged, are entitled to full and free benefit of the possibilities of reconciliation, uninfluenced by the unjustifiable interference of an outsider; and that conduct with the tendency to continue the discord is an element of the wrong as well as that which produces the rift in the lute of matrimonial harmony. The effect of the conduct of defendant after the separation was for the jury, both upon the cause of action and measure of damages. *Philpott* v. *Kirkpatrick*, 171 Mich. 495; *Daleiden* v. *Stevens*, 235 Mich. 111.

Judgment is reversed, and new trial ordered, with costs to plaintiff.

WIEST, C. J., and BUTZEL, CLARK, McDONALD SHARPE, and NORTH, JJ., concurred with FEAD, J. POTTER, J., concurred in the result.