KROLL v CREST PLASTICS, INC

Docket No. 78304. Submitted January 16, 1985, at Lansing.—Decided March 22, 1985. Leave to appeal applied for.

Frederick C. Kroll formed a corporation, Avery Plastics, Inc., for the purpose of investing money in another corporation, Crest Plastics, Inc. The president of Crest Plastics, Lawrence R. Geill, and the chief operating officer of Crest Plastics, Robert J. Byrwa, were persuaded by Kroll to sign promissory notes listing Kroll as president, Geill as vice-president, and Byrwa as secretary of Avery Plastics promising to repay Kroll money he invested in Avery Plastics, Inc. That money would then in turn be invested in Crest Plastics, Inc., by Avery Plastics. At the time the promissory notes were signed, Avery Plastics was not yet in existence, but was later incorporated. Avery Plastics was subsequently dissolved by the state after it failed to file annual reports. Kroll filed suit in Oakland Circuit Court against Crest Plastics, Inc., Byrwa, Geill, and others seeking to recover on the promissory notes. The court, Robert L. Templin, J., granted summary judgment in favor of Kroll, finding that Byrwa and Geill were jointly and severally liable on each of two promissory notes, one for $50,000 and one for $17,200. Byrwa appealed that decision to the Court of Appeals, which, in an unpublished per curiam opinion, affirmed the trial court's decision as to the liability of Byrwa and Geill but held that the court erred in refusing to consider defendants' usury defense. Byrwa then sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, affirmed the trial

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 839 et seq.
    76 Am Jur 2d, Trial § 1267.
[3] 19 Am Jur 2d, Corporations § 1341 et seq.
[4] 18 Am Jur 2d, Corporations § 56.
[5] 4 Am Jur 2d, Appeal and Error § 88.
    5 Am Jur 2d, Appeal and Error § 614.
[6] 58 Am Jur 2d, New Trial § 165.
    New trial on ground of newly discovered evidence going to amount of recovery. 55 ALR3d 696.
[7] 5 Am Jur 2d, Appeal and Error § 1029.
    74 Am Jur 2d, Suretyship § 207.

court's ruling concerning the joint and several liability of Byrwa and Geill on the $17,200 note, but reversed and remanded the court's ruling with regard to the $50,000 note. It ruled that the issues of representative capacity and estoppel raised by Byrwa against enforcement of the $50,000 note were incapable of being decided as a matter of law due to factual disputes and, thus, that it was error to grant summary judgment on that note. In all other respects, the opinions of the trial court and the Court of Appeals were affirmed, 417 Mich 976 (1983). On remand, the trial court again found Byrwa liable on the $50,000 note, ruling that he did not sign the promissory note in a representative capacity for Avery Plastics, Inc., and that he had failed to establish the estoppel defense. Byrwa appealed from that determination and from the trial court's refusal to order a new trial based on newly discovered evidence. Kroll cross-appealed claiming that the trial court erred in ruling that the surety is not liable on a stay bond on appeal for that portion of the circuit court judgment which was vacated and remanded for a new trial. *Held:*

1. The testimony at trial supports the determination of the trial court that Byrwa did not establish that he signed the note in a representative capacity. The trial court's findings are not clearly erroneous and will not be disturbed.

2. The trial court did not clearly err in finding that Byrwa's estoppel defense was not supported by the evidence.

3. The trial court correctly ruled that Byrwa was jointly and severally liable to plaintiff in the amount of $33,333.

4. Defendant failed to preserve for review the issue of whether the trial judge should have disqualified himself from hearing the trial on remand.

5. The trial court did not err in refusing to grant defendant a new trial based on the affidavit of an alleged newly discovered witness.

6. The trial court did not err in holding that the surety on the stay bond is not liable on the bond for that portion of the circuit court judgment which was vacated and remanded for a new trial.

Affirmed.

1. APPEAL — BENCH TRIAL — FINDINGS OF FACT.

The findings of fact in a bench trial will not be set aside by an appellate court unless clearly erroneous (GCR 1963, 517.1).

2. APPEAL — BENCH TRIAL — FINDINGS OF FACT.

A reviewing court should treat a trial court's findings of fact at a bench trial with deference in light of the trial court's superior

ability to assess the credibility of the evidence; reversal is required only if the reviewing court is left with a definite and firm conviction that a mistake has been made.

3. CORPORATIONS — PROMISSORY NOTES — PERSONAL LIABILITY — PAROL EVIDENCE.

A trial court may consider parol evidence in establishing personal liability on the part of the signers of a promissory note, despite the fact that the promissory note has been signed in what appears to be a representative capacity; a finding of personal liability on the part of the signers may be particularly appropriate where the note in question reads "we promise to pay" the amount in question (MCL 440.3403[3]; MSA 19.3403[3]).

4. CORPORATIONS — FAKE CORPORATIONS — LIABILITY FOR OBLIGATIONS.

Members of a fake corporation, which is not validly incorporated, are generally personally and individually liable for the obligations which they sign.

5. APPEAL — JUDGES — DISQUALIFICATIONS OF JUDGES — PRESERVING QUESTION.

The issue of whether a judge should disqualify himself from hearing a trial on remand is not preserved for appeal where a party knows of alleged bias of the trial judge prior to trial but fails to move for disqualification (GCR 1963, 912).

6. MOTIONS AND ORDERS — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

The grant or denial of a motion for a new trial on the basis of newly discovered evidence lies within the sound discretion of the trial court, and the court's decision to deny such a motion will not be overturned absent a clear abuse of discretion (GCR 1963, 527.1[6]).

7. SURETYSHIP AND GUARANTEE — SUPERSEDEAS BONDS — LIABILITY OF SURETY.

A surety, where an appellate court reverses a money judgment and remands it to the trial court for further action, without specifically directing what such action should be, is not liable on the supersedeas bond under the new judgment of the trial court against his principal since this is an independent judgment and not that of the appellate court; however, where the appellate court reverses and directs the trial court to enter a judgment in a different but certain amount, or to enter a specified order, without leaving any discretion in the trial court, the surety is liable on the bond if the principal fails to pay the judgment or obey the order entered by the trial court.

*Richard A. Lenter, P.C.* (by *Richard A. Lenter),* for plaintiff.

*Benjamin T. Hoffiz, Jr., P.C.* (by *Benjamin T. Hoffiz, Jr.),* for Robert J. Byrwa.

*Norman L. Zemke, P.C.* (by *Norman L. Zemke),* for International Fidelity Insurance Company.

Before: R. B. BURNS, P.J., and BRONSON and D. L. HOBSON,* JJ.

PER CURIAM. On December 9, 1980, the Oakland County Circuit Court granted summary judgment in favor of plaintiff, finding that defendants Byrwa and Geill were jointly and severally liable to the plaintiff on each of two promissory notes executed in 1975, one for $50,000 and the other for $17,200.

Defendant Byrwa appealed the decision to this Court, where the ruling of the trial court was affirmed in part and reversed in part. (Docket No. 55479, unpublished per curiam opinion decided May 26, 1982). This Court held that the trial judge correctly found the defendants individually liable on the notes but the trial judge erred in refusing to consider the defendants' usury defense. Defendant Byrwa then sought review of this Court's decision by the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court affirmed the trial judge's ruling concerning the joint and several liability of the defendants on the $17,200 note, but reversed and remanded the judge's ruling with regard to the $50,000 note. The Supreme Court ruled that the issues of representative capacity and estoppel raised by defendant Byrwa against enforcement of the $50,000 note were incapable of being decided as a matter of law

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

due to factual disputes and, thus, that it was error to grant summary judgment on that note. In all other respects, the opinions of the trial court and the Court of Appeals were affirmed. *Kroll v Byrwa,* 417 Mich 976 (1983).

The new trial on the issues of representaive capacity and estoppel was held on March 5, 1984. After the presentation of evidence, the trial judge once again found defendant Byrwa liable to plaintiff on the $50,000 note, ruling that the defendant did not sign in a representative capacity for Avery Plastics, Inc., and that he had failed to establish the estoppel defense. Defendant Byrwa now appeals from the determination of the trial court and the trial court's refusal to order a new trial based on newly discovered evidence. We affirm.

The promissory note at issue in this appeal was executed on November 26, 1975, and provided that "after date we promise to pay to the order of Frederick C. Kroll $50,000". The makers of the note were Frederick Kroll, Lawrence Geill and Robert Byrwa, who signed the note as follows:

Frederick C. Kroll, President, Avery Plastics

Larry R. Geill, Vice-President, Avery Plastics

Robert J. Byrwa, Secretary, Avery Plastics.

Several issues are submitted on appeal. Defendant Byrwa first claims the trial court clearly erred in finding that he did not sign the promissory note in a representative capacity.

The findings of fact in a bench trial will not be set aside by an appellate court unless clearly erroneous. GCR 1963, 517.1. A reviewing court should treat the trial court's findings with deference in light of its superior ability to assess the credibility of the evidence. Reversal is required only if the reviewing court is left with a definite and firm conviction that a mistake has been made.

*Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

Under MCL 440.3403(3); MSA 19.3403(3), a trial court may consider parol evidence in establishing personal liability, despite the fact that a promissory note has been signed in what appears to be a representative capacity. That statute provides in pertinent part:

"(3) *Except as otherwise established* the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity. (Emphasis added.)

As indicated by the Practice Commentary to MCL 440.3403(3), a finding of personal liability may be particularly appropriate where the note in question reads "we promise to pay" the amount in question:

"[T]he court admitted parol evidence to establish personal liability on a note reading 'we promise' and signed 'Edmund Tropp, Boulevard Terrace Co., Pres.' *Simon v Tropp,* 252 Mich 559 at 560, 233 NW 215 (1930). See also *Tilden v Barnard,* 43 Mich 376, 5 NW 420 (1880); *Cooper v Sonk,* 201 Mich 655, 167 NW 842 (1918). These holdings would seem to be equally appropriate under section 3403(3) of the code."

In the instant case, an additional factor presents a stronger case for personal liability. It was undisputed that Avery Plastics was not a validly existing corporation at the time the note was signed. Members of a fake corporation, which is not validly incorporated, are generally personally and individually liable for the obligations which they sign. *Campbell v Rukamp,* 260 Mich 43; 244 NW 222 (1932).

Because the testimony at trial clearly supports

the determination of the trial court that defendant Byrwa did not establish that he signed the note in a representative capacity, we hold that the trial court's findings are not clearly erroneous.

Defendant Byrwa also contends that the trial court clearly erred in finding that defendant's estoppel defense was not supported by the evidence. As previously stated, our review is limited to a determination of whether the trial court's findings of fact were clearly erroneous. *Tuttle v Dep't of State Highways, supra.* When, as in this case, the findings of the lower court are based upon an assessment of the credibility of the witnesses, special regard will be given to the findings of the trier of fact given its superior ability to judge the credibility of the witnesses. *Sweetman v State Highway Dep't,* 137 Mich App 14; 357 NW2d 783 (1984).

The evidence presented at trial on the issue of estoppel was contradictory. The trial court rejected the defendant's version as impossible to believe and found that the plaintiff was the more credible witness. Based on the evidence presented, we do not find that the trial court clearly erred.

Next, we find, contrary to defendant Byrwa's assertion, that the trial court correctly ruled that defendant Byrwa was jointly and severally liable to the plaintiff in the amount of $33,333. Under the concept of joint and several liability, defendant Byrwa has the right to seek contribution from defendant Geill for approximately $17,000 after he has paid the plaintiff the amount of the judgment. *Kalamazoo Trust Co v Merrill,* 159 Mich 649; 124 NW 597 (1910). If the original judgment had been entered against the defendants in the amount of $50,000, then defendant Byrwa would have had the right of contribution against the plaintiff for $17,000, that amount representing his liability on

the note. 18 Am Jur 2d, Contribution, §§ 3 and 60, pp 9, 91.

Defendant Byrwa also claims that the lower court judge should have disqualified himself from hearing the trial on remand in this case. Defendant did not make a motion to have the trial judge disqualified as required under GCR 1963, 912. Where a defendant knows of alleged bias of the trial judge prior to trial and fails to move for disqualification, the issue is not preserved for appeal. *People v Ensign (On Reh),* 112 Mich App 286; 315 NW2d 570 (1982). In this case, because no record was made, no error can be claimed.

Defendant Byrwa asserts that the trial court abused its discretion in denying the defendant a new trial based on the affidavit of an alleged newly discovered witness.

The grant or denial of a motion for a new trial on the basis of newly discovered evidence, GCR 1963, 527.1(6), lies within the sound discretion of the trial court, and the court's decision to deny such a motion will not be overturned absent a clear abuse of discretion. *People v Snell,* 118 Mich App 750; 325 NW2d 563 (1982). Moreover, a motion for new trial on the basis of newly discovered evidence is not regarded with favor. *Curylo v Curylo,* 104 Mich App 340; 304 NW2d 575 (1981).

The alleged newly discovered witness in this case is Lawrence Geill, the former president of Crest Plastics and an associate of Mr. Byrwa. Defendant asserts that the whereabouts of Mr. Geill had been unknown because he was hiding in California.

The difficulty with this argument is that the original counsel for the defendant had reason to know of Mr. Geill and in fact took his deposition concerning the matters involved in this case. The new counsel for Mr. Byrwa may have only re-

cently learned of the whereabouts of Mr. Geill, but that does not render the evidence newly discovered in a legal sense because Mr. Geill was available at the prior proceedings. Accordingly, we find no error in the trial court's ruling denying defendant a new trial.

Plaintiff has filed a cross-appeal claiming that the trial court erred in ruling that the surety is not liable on a stay bond on appeal for that portion of the circuit court judgment which was vacated and remanded for a new trial.

The terms and conditions of the bond involved in this case provide as follows:

"Now, therefore, the conditions of this bond are that principal shall:

"(a) prosecute the appeal to effect,

"(b) perform and satisfy the judgment or order of the Court of Appeals or the Supreme Court of Michigan, and

"(c) perform and satisfy the said Circuit Court Amended Order of Judgment Nunc Pro Tunc appealed from in case the appeal should be dismissed or discontinued.

"Therefore, if principal shall comply with the above conditions which shall be applicable, then this bond shall be void, otherwise to remain in full force and effect."

The Supreme Court vacated the judgment of the trial court and remanded for futher proceedings on issues that involved factual disputes and therefore were inappropriately decided on a motion for summary judgment. Plaintiff is attempting to hold the surety liable for the new judgment which was rendered by the trial court on retrial.

In 5 Am Jur 2d, Appeal and Error, § 1033, pp 456-457, it states:

"Where the appellate court reverses a money judg-

ment and remands it to the trial court for further action, without specifically directing what such action should be, the surety is not liable on the supersedeas bond under the new judgment of the trial court against his principal, since this is an independent judgment and not that of the appellate court. But where the appellate court reverses and directs the trial court to enter a judgment in a different but certain amount, or to enter a specified order, without leaving any discretion in the trial court, the surety is liable on the bond if the principal fails to pay the judgment or obey the order entered by the trial court." (Footnotes omitted.)

Accordingly, we hold that the surety is not liable on the bond.

Affirmed. Costs to appellee.