## *In re* ROSATI TRUST

Docket No. 100417. Submitted October 4, 1988, at Detroit. Decided
    May 2, 1989.

Angelo Rosati established a testamentary trust for the benefit of
    his wife, Mabel Rosati. Named as trustee over the res consist-
    ing of rental properties was Monroe Bank & Trust. In 1982,
    before the tenants were evicted in preparation for a sale of the
    properties, an appraiser determined the properties' value to be
    $22,000. The properties remained unsold and by 1986 one of the
    properties had been condemned and demolished, and the other
    one was slated for condemnation and demolition. Monroe Bank
    & Trust petitioned the Monroe County Probate Court to termi-
    nate the trust. Mabel Rosati responded to the bank's petition
    and in turn petitioned the court for an award of damages,
    alleging that the bank had breached its fiduciary duties in
    failing to preserve the trust res. The court, James M. Seitz, J.,
    found in favor of Mrs. Rosati on her petition and awarded her
    $22,000 for the value of the properties, $11,500 for lost rent,
    and costs. Monroe Bank & Trust appealed.

   The Court of Appeals *held:*

   1. When executing the terms of a trust, the trustee shall
    observe the standards in dealing with the trust assets that
    would be observed by a prudent man dealing with the property
    of another. A trustee is by law charged with the duty of
    preserving the trust property. The circumstances in each par-
    ticular case govern the determination of whether the trustee is
    guilty of negligence or violates its duty as trustee. In this case,
    the probate court did not clearly err in finding that the bank
    had breached its fiduciary duty to actively manage the rental
    properties so as to protect and preserve the trust res.

   2. The probate court did not err in finding that the damages
    suffered by Mrs. Rosati were proximately caused by the bank's
    breach of duty.

   3. The probate court's damage award consisting of the origi-
    nal appraised value of the properties and lost rent essentially

REFERENCES

Am Jur 2d, Trusts §§ 315-333.
See the Index to Annotations under Trusts and Trustees.

compensated Mrs. Rosati twice for her losses. The award is reversed and the case remanded for a new judgment as to damages.

Affirmed in part, reversed in part, and remanded.

1. TRUSTS — TRUSTEES — FIDUCIARY DUTY.

A trustee, when executing the terms of a trust, shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another; a trustee is by law charged with the duty of preserving the trust property (MCL 700.813; MSA 27.5813).

2. TRUSTS — TRUSTEES — FIDUCIARY DUTY.

The circumstances in each particular case govern the determination of whether a trustee is guilty of negligence or violates its duty as trustee with regard to preserving the trust property.

*Ready, Sullivan & Ready* (by *John F. Ready*), for appellant.

*James G. Petrangelo,* for appellee.

Before: DOCTOROFF, P.J., and SHEPHERD and R. R. LAMB,* JJ.

PER CURIAM. Monroe Bank & Trust appeals as of right from a decision of the Monroe County Probate Court which found that the bank had breached its fiduciary duty to a trust beneficiary, Mabel Rosati. The probate court found that the bank had not repaired and maintained the rental property that constituted the trust res, and awarded Mabel Rosati $22,000 for the value of the houses and $11,550 for loss of rent plus other costs. We affirm in part and reverse in part.

In 1980, Monroe Bank & Trust became trustee of a testamentary trust set up by Angelo Rosati for the benefit of his spouse, Mabel Rosati. The trust assets originally included a one-half interest in two parcels of real estate, 634 and 634½ Winches-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ter and 731 Winchester in Monroe, Michigan. The remaining one-half interest of each property was owned by Angelo Rosati's brother, Anthony Rosati. On February 9, 1983, the trust traded interests with Anthony resulting in the trust owning one hundred percent interest in the property located at 634 and 634½ Winchester and no interest in the property located at 731 Winchester.

In preparation for the trade of interests in the properties, the bank had the trust property appraised by Jack Marcero. Marcero appraised the property at 634 and 634½ Winchester at a value of $22,000 as of December 31, 1982. The property consisted of two homes which were in need of repair. The front house rented for $175 per month and the back house rented for $150 per month. After the trade, the bank agreed to sell the property at the request of Mabel Rosati. A Monroe Bank & Trust agent stated that Mabel Rosati asked that the tenants be evicted. Mabel Rosati said that she did not ask that the tenants be evicted. The tenants were given eviction notices in February, 1983, and had moved out by April or May of 1983. The bank agent went to inspect the property in June, 1983, and saw that the front house had been tagged as being in a dilapidated condition.

The property was first listed for sale in December of 1983 at $10,000. The property now consists of only one house with a value of $6,900, as the other was condemned and has been demolished. The real estate agent at trial said that the present fair market value was $4,000 to $5,000.

When the property was rented, the bank paid the rental income over to Mabel Rosati. During the term of the trust, the only maintenance Monroe Bank & Trust did was to pay the taxes and bills. There is a dispute as to who paid the insur-

ance premium on the property. The bank said that the premium was paid out of trust income, but the insurance agent said that Mabel Rosati paid the insurance premiums until 1984. There is no evidence in the record that the bank ever inspected this property before June, 1983, when its agent went to see the property prior to the sale.

The bank received a condemnation letter for the front house on June 25, 1983. After some talks with the city inspector, the bank wrote Mabel Rosati a letter in October, 1983, advising her that no funds should be invested in the property and that there was a potential buyer for the property for $12,000. The potential buyer later backed out of the deal. The front house has been demolished and the rear house was scheduled for demolition as of February 4, 1986. The bank admitted responsibility for a water bill of $191.54 for the rear house based on its failure to have the water shut off. As a result of this failure the pipes froze and burst.

On September 26, 1985, Monroe Bank & Trust petitioned to terminate the trust and assign the residue in this matter. Mabel Rosati answered this petition on October 22, 1985, and, on the same date, filed her petition alleging that the bank breached its fiduciary duty.

The bank claims that the trial court erred in finding a breach of fiduciary duty to Mabel Rosati. The trial court found that the loss in value of the property was due to the bank's failure to maintain the homes and failure to keep the homes rented. The findings of fact in a bench trial will not be set aside by an appellate court unless the findings are clearly erroneous. *Kroll v Crest Plastics, Inc,* 142 Mich App 284, 288; 369 NW2d 487 (1985). A reviewing court should treat the trial court's findings with deference in light of its superior ability

to assess the credibility of the witnesses. Reversal is required only if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Kroll, supra.*

When executing the terms of a trust, the trustee shall observe the standards that would be observed by a prudent man dealing with the property of another. MCL 700.813; MSA 27.5813. A trustee is by law charged with the duty of preserving the trust property. *Heald v Michigan Trust Co,* 274 Mich 225, 233; 264 NW 351 (1936). The determination of whether a trustee is guilty of negligence or violation of its trust duty must be governed by the circumstances of the particular case. *Lawrence v First Nat'l Bank & Trust Co of Kalamazoo,* 266 Mich 199, 205; 253 NW 267 (1934).

In the case at bar, the bank failed to care for the property at all until three years after it had become trustee of the property. Not only did the bank not expend any of the rent received from the property on at least minimal repairs, it did not ascertain whether the property should have been maintained or sold prior to the request that it be sold in 1983. Further, after the request in early 1983, the property was not listed for sale until December, 1983, six months after the front building was condemned.

The bank breached its duty as a fiduciary to actively manage the trust assets so as to protect and preserve the res of the trust. In general, a trustee has a fiduciary duty to preserve and maintain the res of the trust. In the instant case, the bank did nothing but act as a conduit for the rents to go from the tenants to Mabel Rosati. The trial court finding that the bank thereby breached its fiduciary duty to Mabel Rosati was not clearly erroneous.

Monroe Bank & Trust claims that, even if it

breached its duty to Mabel Rosati, the trial court erred in determining that the breach proximately caused the damages to the beneficiary. A party's negligent conduct will be considered a proximate cause if it is a substantial factor in causing the harm. *Williams v Johns,* 157 Mich App 115, 120; 403 NW2d 516 (1987).

The bank had control of the trust property for more than 2½ years prior to its condemnation, yet did nothing during that period except act as a collection agent for the rent. The bank never even had the property inspected prior to June, 1983, even though it became trustee of the property in 1980.

There can be no doubt that the bank's failure to expend any funds for maintenance was a substantial factor in the property's finally being condemned and losing its value.

The final issue on appeal challenges the probate court's determination of the amount of damages. The probate court awarded Mabel Rosati $22,000 as a result of the loss of the property. This figure equals the value of the property as of December 31, 1982. In addition, the probate court awarded Mabel Rosati $11,250 for lost rents, plus other costs. A court's determination of damages in a bench trial will not be overturned on appeal unless the result is clearly erroneous. *Precopio v Detroit,* 415 Mich 457, 465-467; 330 NW2d 802 (1982). A trial court's decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that the trial court made a mistake. *Precopio, supra.*

In the instant case, we are left with a definite and firm conviction that the probate court made a mistake in its determination of damages. The probate court awarded the beneficiary the value of the property before the depreciation, plus the

value of the lost rents caused by the bank's breach of the fiduciary duty. We find this to be error. By awarding Mabel Rosati the value of the property before the depreciation in value and the lost rents, Mabel Rosati was essentially compensated twice for her losses. We reverse the finding on damages and remand to the trial court for a new judgment on damages. Mabel Rosati should be made whole, and receive interest due on her losses.

Affirmed in part, reversed in part, and remanded.