IN RE TRUSTEESHIP UNDER THE WILL OF MARY E. SIBERTS.

No. 41952.

JUNE 20, 1933.

Schuyler W. Livingston, for appellant Detroit Fidelity & Surety Company.

Morrison & Morrison, for appellee Hazel G. Siberts.

Wilson & Wilson, for appellees L. A. Andrew and Washington Loan & Trust Co.

Evans, J.—Some years prior to the events under consideration, herein, the testatrix, Mary E. Siberts, constituted a trust in favor of her daughter, as beneficiary. The original trustee named in the will was S. W. Brookhart. In January, 1931, he resigned his trust and the Washington Loan & Trust Company was appointed his successor. Brookhart turned over to his successor an estate of approximately $11,000. The Washington Loan & Trust Company administered such trust estate until the month of October following. In its final report the trustee charged the estate with certain investments, which it had made with trust moneys, as alleged. Hazel Siberts, as the beneficiary of the trust, and also as trustee appointed by the court in succession to the Washington Loan & Trust Company, filed objections to some of these investments and refused to accept the same. Such is the general nature of the controversy.

I. One of the investments tendered in the final report, as a part of the assets of the trust, was an item of $500 described as the "Hotel Chariton Gold Bond". It is contended by the appellant that the bond in question was acquired for the estate in good faith and in the exercise of a proper discretion vested in the trustee under the terms of the will. In support of the objections to it, it is shown that it was purchased without any authority of the court; that it was purchased by the trustee from itself as a bank; that it was sold to the trustee at a profit. It is urged by the appellant that it was not obliga-

tory upon the trustee to obtain authority from the court to buy the bond because the terms of the will conferred discretion upon the trustee in the making of investments. This argument is not available to the appellant or to its principal. The trustee held its office by appointment of the court and not by appointment of the testatrix. We know of no reason why the trustee should not be amenable to the requisites of the statute in the administration of this trust. The court committed no error at this point.

II. The further complaint of the appellant is that it should have been subrogated to all the rights of its principal in the rejected investment. Since the filing of plaintiff's brief, an amended abstract has been filed, which discloses that a later order of the court did award to the appellant full subrogation, as contended for by the appellant in an application filed by it.

We have no need therefore to further consider this question.

III. The final report under consideration includes a so-called "income account". The correctness of this income account is not challenged. It shows an overpayment to the beneficiary of $42.17. In the computations of the decree no account was taken of this overpayment of income. The appellant contends that the amount should have been included in the final computation. This would reduce the present recovery of the beneficiary by such amount. The answer made to this contention is that the trustee had no right under the will to pay income in advance of its receipt; that therefore the trustee acted at its peril in the making of payment of income in advance of its full accrual. We do not think this contention is available to the appellee whether she be regarded as beneficiary or as trustee. The estate was earning an income from day to day without interruption. The separation of income from principal was a mere matter of bookkeeping and accounting. The last date on which the trustee charged itself with income earned, was July, 1931. The last date upon which it credited itself with income paid out, was in September, 1931. The hearing on this report in the district court was in June, 1932. We deem it clear that the trustee is entitled to a further credit of $42.17 and that the money recovery allowed against it should be diminished by that amount.

With this modification, the order of the district court is affirmed. —Modified and affirmed.

KINDIG, C. J., and ALBERT, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.