ROSE D. APRIL and Another, Respondents, v. PHILIP APRIL and Another, Appellants.— On appeal by the trustee from a final judgment stating his account, surcharging him with various items and amounts and removing him from that office, final judgment modified in the following respects: As to charges, by striking out the sum of $2,932.18 as interest on the cash balance; the sum of $4,156.29 as interest on principal and interest received from mortgages, and the sum of $2,621.69 as interest on distributions, and by reducing the item of $14,332 to the sum of $11,832 and by adding as charges the sums of $66.66 from interest paid by Dobkin; $445.28 from interest paid by 2090 Broadway Corporation; $283.33 from dividends on Fire Insurance stock; $121.49 from interest on balance of Guaranty account; $216.66 from repayment of Bonta loan; $331.25 from interest on mortgage on East One Hundred and Sixty-sixth street; $961.87 from repayment of loans over expenditures for same from Deal and Ulster Corporations and auctioneer's fees, and $4,452.54 to offset the difference between the stated value of securities purchased with $19,500 of trust moneys, the charges being in the aggregate the sum of $174,-941.46 exclusive of interest as hereinafter set forth. As to credits, the following additional items are allowed: $29,400 as payments to respondents; $3,333.33 represented by a one-third interest in the Fire Insurance stock; $233.33 representing a one-third interest in remainder of loan to 2090 Broadway Corporation; $1,666.66, one-third interest in the remaining Dobkin loan; $288.14, one-third interest in Guaranty account balance, and $2,974.25, one-third share of operating expenses, interest, taxes and fees of $500, $3,251.95, $1,093.40, $3,873.53 and $203.87. These credits total $162,339.25. The surcharge will then be the sum of $12,602.21, with interest which shall accrue at the rate of three per cent on the $2,000 payment to the husband alleged to have been " salary " and considered under the distribution charge, and also on all other added charges, with the exception of the offset to the value of the securities held, from the time payments were received by the husband or went into the Guaranty account, to be computed by the parties. As so modified, the final judgment is unanimously affirmed, with costs to respondents. We are of opinion that even though the payments of $600 monthly were made out of the corpus and the funds depleted *pro tanto*, in the absence of a showing of bad faith on the part of the trustee, the trustee is exculpated under the agreement despite the tenor of that instrument under which payments were to be made from income alone. Moreover, the construction of the agreement, contained in the interlocutory judgment, prepared at the instance of the respondents, seems to have settled the issues by adjudicating that payments were to be made " out of the income or principal of the trust funds in his [trustee's] hands under said agreement, so long as

the same shall be sufficient in whole or in part." While it may be argued that the trustee waived the benefits of that adjudication by withdrawing from consideration by the referee the claimed credit for the payments of $600 monthly to the plaintiff, totaling the sum of $29,400, on the motion to confirm the trustee ought to have allowed him these payments as credits, and as the reference was but to take and state an account and report back, the question was saved for consideration by the Special Term on the motion to confirm. We are further of opinion that the salaries voted were dividends in reality and that the trustee in paying them knew of their true nature; that no distribution in the sum of $7,500 was made in 1928, and that one-third of the investments represented by the Dobkin and 2090 Broadway Corporation loans and the Fire Insurance stock were made on behalf of the trust fund. In so holding and excluding interest items, except as stated, and in adding as charges the various sums above mentioned, received into the Guaranty account, we recognize that the broad and fundamental issue of the inclusion of the Guaranty account was not litigated below, due to the wrongful and recalcitrant attitude of the trustee, but feel that in justice to him the account should be taken into consideration and that no good purpose would be subserved by remitting the entire matter for rehearing as the authenticity and validity of the various items comprising the account are not specifically disputed and as it seems clear, under the circumstances, that the interest of the trust fund succeeding that of the husband and settlor of the trust was one-third therein. In addition to the new charges shown by this account, we feel that, although not presented by respondents, the trustee should be properly charged with the above offset to the stated value of investments made for the trust, for which he charged himself $19,500 and credited himself with $23,952.54 which would be tantamount to a profit inuring to himself out of trust investments, as this issue would have been available if the entire accounting were remitted for a new hearing. The charge upon the trustee for the expenses of the reference, counsel and accountant's fees, etc., was properly imposed as the protracted hearing was rendered necessary by his evasive and shifting theories and obstructive tactics. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice. Order dated May 26, 1933, confirming the report of the referee, and the intermediate order, dated July 21, 1933, denying motion of defendant-trustee for an order striking out objections of the plaintiffs and quashing a portion of the subpœna *duces tecum* affirmed, without costs. The appeal from the interlocutory judgment is dismissed. On appeal from final judgment by the appellant Philip April, judgment unanimously affirmed, without costs. The appellant has not specified in his notice of appeal the intermediate order which he now seeks to review. (Civ. Prac. Act, § 580; *Bolles* v. *Scheer*, 225 N. Y. 118, 122.) We are of opinion, however, that the augmentation arising out of contract obligation may not be enforced by contempt proceedings (*McGean* v. *Parsons*, 150 App. Div. 208; *Muller* v. *Muller*, 266 N. Y. 68), and that the direction to pay over may not be so construed (*Coffin* v. *Coffin*, 161 App. Div. 215). Present — Lazansky, P. J., Young, Hagarty and Scudder, JJ.; Carswell, J., not voting.