188 P.2d 181

## BOGLE v. BOGLE.

### No. 5035.

Supreme Court of New Mexico.

Dec. 29, 1947.

G. T. Watts, of Roswell, for appellant.

Hervey, Dow & Hinkle, of Roswell, for appellee.

LUJAN, Justice.

Inez Bogle, executrix of the Last Will and Testament of Oliver Jackson, deceased, and the former wife of Hal Bogle, instituted this action seeking an accounting and recovery of the earnings and profits claimed to have been made from approximately $20,000 turned over to him by the deceased during his lifetime under a power of attorney. The case was tried to the court without a jury. After deducting all

sums of money expended for the management of the estate, including the upkeep of the ward and attorney's fees, judgment was entered against the defendant in the sum of $14,664. Plaintiff appeals. We will refer to the parties as they appeared in the trial court.

The deceased was an uncle of the plaintiff. He was old and infirm and having considerable trouble closing a deal for the sale of his ranch located in Dona Ana County, and consequently appointed the defendant as his attorney-in-fact to close the deal and manage his affairs. Thereafter, deceased, made his home with the parties hereto. During that time at lucid intervals deceased was perfectly rational and mentally alert, on other occasions his mind was clouded. His condition grew worse and he was removed to a sanatorium in the State of Colorado where he finally died.

Shortly after receiving the money from the sale of the aforesaid ranch which he brought to a close, defendant deposited it in the bank under the name of Oliver Jackson and then consulted with his banker and his attorney relative to investing these funds in stocks and bonds or any other classes of securities and both advised against it as being speculative and as a risking danger of loss involved therein. Thereupon, he consulted with his attorney as to the advisability of borrowing the money himself, he to pay the same rate of interest which he paid his bankers on similar loans made to him. His attorney approving, he loaned the money to himself using the same solely to pay personal debts incurred prior to his appointment as attorney-in-fact.

Plaintiff contends, (1) that defendant commingled trust funds with his own money and invested it in various profitable ventures; (2) that he has not rendered an accounting and therefore she is entitled to an order directing him to file a true and correct one, so she may, at her election, take the profits earned by Jackson's money, or have compound interest at the legal rate of six per cent. per annum; and (3) that defendant should not be allowed his claimed expenses or attorney's fees.

Plaintiff contends that it was a violation of the trust relationship for defendant to loan himself the money, with which contention we thoroughly agree. Indeed, his action in doing so is to be severely condemned, however free from actual fraud the transaction may have been, as, indeed, it appears. Nevertheless, in view of the fact that none of the funds were invested by him in any speculative venture, but were used solely for the purpose of paying personal debts incurred prior to the time he borrowed the money, the defendant can not be made liable for any profits made in the operation of his private affairs during all of this time. Obviously, he is liable

for the principal and interest at the legal rate on the ward's funds loaned to himself, less deductions for lawful expenditures made on behalf of the ward, and less reasonable and proper expenses incurred in handling the estate. Restatement of the Law, Trusts, Sec. 170, *l*, p. 438. The very fact that defendant loaned the money to himself constitutes self-dealing, and is frowned upon by the law regardless of fair dealing or that the trustee was worth many times the amount of the loan and was able and ready to pay it upon call by the cestui que trust, and involving no loss to the trust estate. This may seem a harsh rule in some instances, but courts in most jurisdictions, including this State, adhere to the doctrine upon the theory that self-dealing engenders conflicting interests and creates divided loyalty. Perry, Trusts, Vol. 1, 7th Ed., Section 464, page 785; In re Estate of Binder, 137 Ohio St. 26, 27 N.E. 2d 939, 129 A.L.R. 130; Carrier v. Carrier, 226 N.Y. 114, 123 N.E. 135; In re Trusteeship of Stone, 138 Ohio St. 293, 34 N.E.2d 755, 134 A.L.R. 1306; Roberts v. Michigan Trust Co., 273 Mich. 91, 262 N.W. 744; In re Will of Sibert, 216 Iowa 336, 249 N.W. 196; Sunderland v. Commissioner of Internal Revenue, 3 Cir., 151 F.2d 675; Hutchings v. Louisville Trust Co., 303 Ky. 147, 197 S.W.2d 83.

■ Plaintiff next contends that the defendant is not entitled to compensation for his services as trustee because of his violation of the trust relationship. Defendant, pursuant to a court order, filed an itemized account of monies expended for the necessary upkeep of his ward as well as for expenditures incurred in the management of the estate, plus a claim for compensation. The court found the charges proper, reasonable and necessary and approved the same. He further allowed the defendant $1500 for his services. Reluctantly and with some doubt ourselves as to defendant's right to it in view of his own borrowing of the ward's funds; nevertheless, having acted under the mistaken advice of his attorney and without loss to the estate and having handled the ward's funds honestly and with good judgment at a considerable sacrifice of time which might have been devoted to his personal affairs, we are disposed to leave the trial court's discretion undisturbed as to this item. Richardson et al. v. Blue Grass Mining Co. et al., D.C.Ky., 29 F.Supp. 658, 670, affirmed 6 Cir., 127 F.2d 291.

■ It is finally contended that the defendant is not entitled to attorney's fees for the reason that it is not an action in defense of the trust estate. A trustee may incur attorney's fees reasonably necessary for the protection and preservation of the trust estate. But if he mismanages the estate or otherwise breaches his duties as trustee and the cestui que trust has to bring an action against him on account thereof, he is not entitled to charge the

trust estate with the fees for defending his own maladministration against the complaint of the cestui que trust. To permit him to do so would be to allow a trustee fees out of the estate, not for defending it, but for defending against it. Vol. 4, Bogert on Trusts and Trustees, Sec. 962, page 2783, Perry on Trusts, Vol. 2, 7th Ed., Sec. 903, page 1525, Pomeroy v. Noud, 145 Mich. 37, 108 N.W. 498; April v. April, 245 App. Div. 841, 281 N.Y.S. 538; In re Rosenfeldt's Will, 185 Minn. 425, 241 N.W. 573; Buder v. Franz, 8 Cir., 27 F.2d 101; Tucker v. Brown, 20 Wash.2d 740, 150 P.2d 604; and 24 C.J. § 2531, page 1057; 34 C.J.S., Executors and Administrators, § 942.

All things of record considered, we think the defendant should be denied the award of attorney's fees.

It follows from what has been said that the plaintiff is entitled to recover interest at the legal rate of six per cent. per annum for the varying periods defendant used any of the trust funds; that attorney's fees in the sum of $750 be disallowed as well as the $300 paid under stipulation to defendant from moneys on deposit with the clerk as a fee to his attorney for work on this appeal.

The judgment under review should be reversed and the cause remanded with direction to the trial court to modify its judgment and proceed further in accordance with the views herein expressed. The plaintiff will recover costs here and below. It is so ordered.

SADLER, J., and LUIS E. ARMIJO, C. ROY ANDERSON, and A. W. MARSHALL, District Judges, concur.

BRICE, C. J., and McGHEE and COMPTON, JJ., not participating.