F I L E D
United States Court of Appeals
Tenth Circuit

MAR 19 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK O. TAYS, SR., Trustee,
Beneficiary,

      Plaintiff-Counter-Defendant-
      Appellant,

vs.

DAVE METLER;  CRAIG TAYS,
Alternate Trustee; CRAIG TAYS, as
Personal Representative for the Estate
of Melvin E. Tays, Sr., Trustee,

      Defendants-Counter-Claimants-
      Appellees.

No. 97-2317
(D.C. No. CIV 95-0860 SC/DJS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **LUCERO**, Circuit Judges.

This appeal involves a family dispute over a trustee's management of trust property.  Plaintiff-Appellant Patrick Tays, Sr., a beneficiary of a testamentary trust created by his mother, appeals from a judgment in favor of (1) his now-deceased father, Defendant Melvin Tays, Sr., both the trustee and a beneficiary;

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(2) the trustee's financial advisor, Defendant-Appellee David Metler, and (3) his brother, Defendant-Appellee Craig Tays, also a beneficiary. After a bench trial, the district court made findings and conclusions that: (1) the trustee's act of self-dealing did not violate New Mexico law because the trust document authorized a conflict of interest and the trustee acted in good faith; (2) even if the trustee's conduct violated New Mexico law, the district court had discretion to excuse him from liability; (3) the trustee did not breach his duty to act prudently in managing the trust. Plaintiff challenges these findings and conclusions.

He also moves for certification of two questions to the New Mexico Supreme Court: (1) whether a trustee may be allowed to engage in self-dealing when he has neither informed the beneficiaries of his intended actions nor obtained an appraisal of the property that he plans to sell to the trust; and (2) whether a trustee breaches his fiduciary duty by not attempting to make trust assets produce income.

Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm, given the facts of the trust arrangement in question – a trust designed for wealth preservation and arising out of the marital relationship. Plaintiff's motion to certify issues is denied.

## Background

Helen D. Tays ("Helen" or "Settlor") created the Helen D. Tays

Testamentary Trust ("Trust") in her last will and testament.  She named her husband, Defendant Melvin Tays, Sr. ("Melvin Sr." or "Trustee") as trustee, and Melvin Sr. and her three sons – Plaintiff Patrick Tays, Sr. ("Patrick"), Melvin Tays, Jr., and Defendant Craig Tays – as beneficiaries.  She died on January 10, 1987.  Melvin Sr. died after the trial in this matter.

Helen's will created an exemption equivalent trust, sometimes called a unified credit bypass trust or bypass trust.  The amount of Helen's bequest to the Trust equaled $600,000, the exemption amount corresponding to the unified credit amount applicable in 1987.  Helen left the balance of her estate to her husband, Melvin Sr.  One-third of the net income from the Trust was to be paid to Melvin Sr.; the remaining two-thirds was to be paid to Helen's sons living at the time of her death.  See Aplt. App. at 184.

Helen's will broadly defined the Trustee's powers, including the power to "invest and reinvest any funds in [the Trust] in any . . . real or personal property of any kind or nature without being limited or restricted to investments prescribed by the laws of New Mexico, or any other state, it being my intention to give my . . . Trustee the same power of investment and reinvestment which I might myself possess in the management of my property."  Id. at 190.  It also exempted the Trustee from "obtaining the consent or permission of any [interested] person . . . or the consent or approval of any court" before exercising his powers and from

accounting for any diminution in the value of Trust investments.  Id. at 193-94.

Melvin Sr. was appointed personal representative of Helen's estate.  On or about January 26, 1988, the district court hearing the probate matter acted upon a petition for distribution of the assets.  The court ordered Melvin Sr. to distribute $600,000 of Helen's property to the Trust, including $324,876 in cash, and securities and real estate with an appraised value of $275,174.  The $324,876 represented all of the available liquid assets of the estate.  Melvin Sr. was discharged of his duties as personal representative on January 26, 1988, and the probate closed.

In February 1991, Melvin Sr. removed about $324,824 in cash and bonds from the Trust and deposited them in his own bank account.  He contemporaneously transferred real property that he owned to the Trust.  Melvin Sr. did not seek or obtain the approval of the other beneficiaries before taking these actions.

Evidence introduced at trial indicated that real estate transferred to the Trust in 1991 had an appraised value of approximately $442,000.  See Tr. at 470-74.  Melvin Sr. stated that, in his long experience as a land developer, the sales price of real estate in the area often greatly exceeded the assessed value determined by Otero County for property tax purposes –  here, $80,275.  See id. at 425; Aplt. App. at 208.  Despite the high appraisal value of the lot in question, he

exchanged it for the "gentleman's price" of $324,824 because "the market was down on the bottom." Tr. at 474. The trial court found that Patrick failed to prove that the real estate was only worth about $80,000 at the time of transfer. See Aplt. App. at 161.

The parties stipulated that exchanging Melvin Sr.'s real property for the liquid assets of the Trust constituted self-dealing. See id. at 165. However, Melvin Sr. testified that he believed he had authority to engage in such conduct without consent of the other beneficiaries. See Tr. at 465-66. The trial court concluded that Helen intended Melvin Sr. to have conflicting interests in administering the Trust because he was both the Trustee and a beneficiary. See Aplt. App. at 166. It also noted that the will conferred broad discretionary powers on the Trustee. See id. Finally, it relied upon the fact that, prior to the Trust's reformation,[1] the Trustee had authority to invade the principal of the Trust, subject to an ascertainable standard. See id. at 166, 174. Under these circumstances, the trial court concluded, self-dealing did not violate the Uniform Trusts Act, N.M. Stat. Ann. §§ 46-2-1 to 46-2-19 (Michie Repl. Pamp. 1989). It also held that, even if Melvin Sr. violated the statute, the court had the power under N.M. Stat. Ann. § 46-2-16 to excuse him from liability. See Aplt. App. at

---

[1] The Trust was reformed to require the concurrence of a majority of the children regarding Melvin Sr.'s invasion of principal. See Aplt. App. at 174.

166.

## Discussion

### A. Denial of Motion for Certification

Plaintiff Patrick chose to bring his case in federal court and only sought certification of two questions to the New Mexico Supreme Court after receiving an adverse ruling. Under these circumstances, certification is inappropriate. See Harvey E. Yates Co. v. Powell, 98 F.3d 1222, 1229 n.6 (10th Cir. 1996) (party who chooses to litigate in federal court generally must accept federal court's reasonable interpretation of state law, rather than seeking certification) (citing Croteau v. Olin Corp., 884 F.2d 45, 46 (1st Cir. 1989)). Consequently, we will address the merits of the appeal.

### B. Self-Dealing

According to Patrick, N.M. Stat. Ann. § 46-2-5 creates an absolute bar to self-dealing because it provides that "[n]o trustee shall directly or indirectly buy or sell any property for the trust from or to itself." Furthermore, "no act of the settlor shall relieve a trustee from the duties, restrictions, and liabilities imposed upon him by . . . Section 46-2-5." N.M. Stat. Ann. § 46-2-14. Thus, Patrick contends, the district court erred in finding a good-faith exception to the rule against self-dealing.

We review the legal conclusions of the district court de novo and its factual

findings for clear error. See Valley Improvement Ass'n, Inc. v. United States Fidelity & Guar. Corp., 129 F.3d 1108, 1115 (10th Cir. 1997). Neither New Mexico nor Tenth Circuit opinions offer direct guidance on the existence of a good-faith exception. However, given case law from other jurisdictions, the district court did not err in finding that such an exception exists where the settlor intended a conflict of interest and gave the trustee broad authority to invest trust funds. See Gregory v. Moose, 590 S.W.2d 665, 670 (Ark. Ct. App. 1979) (no breach of trust where settlor created conflict of interest and gave trustee unqualified power to sell trust property, even though trustee benefitted from sale); In re Estate of Halas, 568 N.E.2d 170, 178 (Ill. App. Ct. 1991) ("Where a conflict of interest is approved or created by the testator, the fiduciary will not be held liable for his conduct unless the fiduciary has acted dishonestly or in bad faith, or has abused his discretion."); Bracken v. Block, 561 N.E.2d 1273, 1274-75 (Ill. App. Ct. 1990) (applying good faith exception where settlor made sister both trustee and primary beneficiary and gave her broad powers to invade principal) (citing Childs v. National Bank of Austin, 658 F.2d 487, 490 (7th Cir. 1981)); Bank of Nevada v. Speirs, 603 P.2d 1074, 1077 (Nev. 1979) (rule against self-dealing modified in family arrangement in which trustee had broad authority and settlor intended conflict of interest).

The Speirs case is instructive for two reasons. First, because the Uniform

Trusts Act must be interpreted consistently with its purpose to make the law uniform, see N.M. Stat. Ann. § 46-2-18, we find cases from other adopting jurisdictions particularly helpful. Like New Mexico, and unlike the other jurisdictions that have found a good faith exception, Nevada has adopted the Uniform Trusts Act, see Nev. Rev. Stat. §§ 163.010 to 163.210, although Nevada's amendments expressly authorize and require the district court to approve self-dealing. See Nev. Rev. Stat. § 163.050. Second, Speirs also involved a family arrangement in which the settlor gave the trustee – her husband – broad discretion to invest the trust corpus and operate under a conflict of interest. See Speirs, 603 P.2d at 1076-77. The Nevada Supreme Court noted: "This broad grant of authority, this testamentary exoneration of the trustee for mistakes, if any, must be accorded respect by the court. This would seem especially true in a family setting . . . ." Id. at 1076. Under these circumstances, "the trustee will not be penalized when he has acted in good faith and in a manner he believes was for the best interest of the trust." Id. at 1077.

Patrick chiefly relies upon Bogle v. Bogle, 188 P.2d 181 (N.M. 1947), in which the New Mexico Supreme Court held that a nephew acting as an attorney-in-fact for his uncle engaged in improper self-dealing when he borrowed funds from the sale of his uncle's ranch to satisfy personal debts. Such a loan constituted improper self-dealing, regardless of the trustee's financial ability to

repay principal and interest. <u>Bogle</u> does not mandate reversal in the instant case, however, because it may be distinguished on three grounds. First, the New Mexico Supreme Court decided <u>Bogle</u> before the adoption of the Uniform Trusts Act in 1951. Second, the trust arrangement in <u>Bogle</u> differed significantly from the one in this case, as it did not arise from a testamentary trust with expansive and detailed provisions governing the conduct of the trustee. Third, the nephew in <u>Bogle</u> was not both the trustee and a primary beneficiary; therefore, <u>Bogle</u> does not raise the issue of a permissible conflict of interest.

Helen's will expressly sanctioned the conflict of interest in the Trust arrangement by making Melvin Sr. both the Trustee and a beneficiary. <u>See</u> <u>Gregory</u>, 590 S.W.2d at 670 (settlor creates permissible conflict of interest by making same individual trustee and beneficiary); <u>see also</u> <u>Halas</u>, 568 N.E.2d at 178. Helen also gave Melvin Sr. wide latitude to invest the trust funds as he believed prudent – including investment in real estate – without obtaining permission from the other beneficiaries. There is no evidence that Melvin Sr. acted in bad faith in carrying out the transfer.

We recognize that the Trust's lack of diversification and Melvin Sr.'s exchange of liquid, income-producing assets for land could adversely affect the other income beneficiaries, at least in the short term. However, we must view the operation of this bypass trust in the context of its purpose – family wealth

preservation. Helen's clear intent, as expressed in the Trust provisions, was to empower her husband of over forty years with broad discretion not only to exchange assets, but also to use them without close supervision. Had she intended a different result, the Trust provisions could have been drafted in a far more restrictive fashion. Thus, we conclude that the district court properly applied the common law exception to the statutory rule against self-dealing. See Speirs, 603 P.2d at 1077.

## C. Trial Court's Discretion

The trial court held that, even if Melvin Sr. violated the prohibition against self-dealing under the Uniform Trusts Act, N.M. Stat. Ann. § 46-2-5, the court possessed the equitable power under N.M. Stat. Ann. § 46-2-16 to relieve him of liability. See Aplt. App. at 166. Defendants raised the § 46-2-16 defense in their First Amended Proposed Conclusions of Law, see Aplt. App. at 98, and Patrick responded in his Post Trial Summation of Facts and Law. See Aplt. App. at 104. Thus, both Patrick's claim that § 46-2-16 was not timely raised and Defendants' contention that Patrick waived the issue by failing to object are without merit.

Section 46-2-16 provides:

A court of competent jurisdiction may, for cause shown and upon notice to the beneficiaries, relieve a trustee from any or all of the duties and restrictions which would otherwise be placed upon him by this act . . . , or wholly or partly excuse a trustee who has acted honestly and reasonably from liability for violations of the provisions of this act.

N.M. Stat. Ann. § 46-2-16.

Citing <u>Wachovia Bank & Trust Co.</u>, 153 S.E.2d 449 (N.C. 1967), a case under the Uniform Trusts Act, Patrick contends that the court lacked discretion to exonerate Defendants because the Trustee neither provided notice to the beneficiaries nor materially furthered the beneficiaries' interests. However, the <u>Wachovia</u> factors do not govern the instant case because <u>Wachovia</u> did not involve (1) a conflict of interest created by the settlor; (2) a transaction approved by the express terms of the trust instrument; or (3) the family circumstances present here.

Because the will expressly authorized Melvin Sr. to invest the Trust funds in real estate and to act without obtaining permission from the other beneficiaries, it was within the trial court's discretion to find that he acted "honestly" and "reasonably." <u>See</u> N.M. Stat. Ann. § 46-2-16. Furthermore, since § 46-2-16 applies to a trustee who "has acted" in an honest and reasonable manner, it plainly empowers the court to *retroactively* excuse violations of the Uniform Trusts Act. <u>See</u> <u>id</u>.

### D. Duty to Manage Trust Prudently

Finally, Patrick contends that Melvin Sr. breached his duty to produce income for the Trust. Under New Mexico law:

[A] trustee shall observe the standards in dealing with trust assets

that would be observed by a prudent man dealing with the property of another. If the trustee has special skills . . . , he is under a duty to use those skills.

N.M. Stat. Ann. § 45-7-302 (Michie Repl. Pamp. 1989).

The determination of whether a trustee is guilty of negligence or violation of its trust duty must be governed by the circumstances of the particular case. See In re Trust of Rosati, 441 N.W.2d 30, 32 (Mich. Ct. App. 1989) (interpreting a similar statute). After reviewing the record, we hold that the district court's findings and conclusions that Patrick failed to prove the 1991 transaction harmed the Trust, see Aplt. App. at 167, or that Melvin Sr. lied to him about the Trust's existence and terms, see Aplt. App. at 158, were not clearly erroneous. See Valley Improvement Ass'n, Inc. v. United States Fidelity & Guar. Corp., 129 F.3d 1108, 1115 (10th Cir. 1997) (factual findings of district court reviewed for clear error). According to the district court, Melvin Sr. had no intention of using the Trust principal for his own benefit. See Aplt. App. at 163. Rather, he sought to remove land – an asset likely to appreciate – from his estate and place it in the Trust for the eventual benefit of the children. See id. Given these findings and Melvin Sr.'s expertise in real estate, we hold that he did not violate § 45-7-302 or any section of the Uniform Prudent Investor Act, N.M. Stat. Ann. §§ 45-7-601 to 45-7-612 (Michie Repl. Pamp. 1989), nor did he exceed the powers granted to him by N.M. Stat. Ann. § 45-7-401 (Michie Repl. Pamp. 1989) ("[A] trustee has

the power to perform, without court authorization, every act which a prudent man would perform for the purposes of the trust . . . [and to] invest and reinvest trust assets in accordance with the provisions of the trust or as provided by law.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge