*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL S. SHERMAN, D.O., PC, doing business as PHYSICIAN EYE CARE ASSOCIATES OF GARDEN CITY, and MICHAEL S. SHERMAN, D.O.,

Plaintiffs/Counterdefendants-Appellees,

v

SHIRLEY T. SHERROD, M.D., PC, and SHIRLEY T. SHERROD, M.D.,

Defendants/Counterplaintiffs/Third-Party Plaintiffs-Appellants,

and

GARDEN CITY HOSPITAL, GARY LEY, MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and MERRILL LYNCH TRUST BANK,

Third-Party Defendants.

UNPUBLISHED
January 17, 2019

No. 340408
Wayne Circuit Court
LC No. 08-014212-CK

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Shirley T. Sherrod, M.D., PC, and Shirley T. Sherrod, M.D. (Sherrod), appeal by leave granted[1] the order granting Michael S. Sherman, D.O., PC, doing business as Physician Eye Care

---

[1] *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished order of the Court of Appeals, entered November 15, 2017 (Docket No. 340408).

Associates of Garden City, and Michael S. Sherman, D.O.'s (Sherman), motion to enforce Sherrod's appeal bond in this breach of contract action. We reverse in part and deny in part.

This is the eighth appeal generated in this litigation. This matter originates from the sale of Sherrod's ophthalmology practice to Sherman.[2] In conjunction with the sale agreement, Sherrod contracted to continue working part-time for Sherman for a one-year period in return for $50,000 in financial compensation. This working relationship broke down, however, and Sherrod discontinued working for the practice, leading to Sherman initiating a breach of contract action and the successful grant of summary disposition in Sherman's favor in the trial court, resulting in an award of $181,048. Sherrod appealed the trial court's grant of summary disposition. Ultimately, this Court permitted Sherrod to continue the appeal "condition[ed] on . . . either posting a bond to stay the enforcement of the judgment and order appealed from pursuant to MCR 2.614 or presenting an appropriate officer . . . for a creditor's examination under oath . . . ." *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished order of the Court of Appeals, entered August 24, 2011 (Docket Nos. 299045; 299775). On December 2, 2011, Sherrod submitted proof to this Court of having procured a $250,000 bond in compliance with this Court's order. This bond is at the epicenter of the current appeal.

## I. DISBURSEMENT OF APPEAL BOND

Sherrod contends the trial court erred in ordering disbursement of the appeal bond to satisfy, at least in part, a later judgment for attorney fees and costs based on an indemnification agreement contained in the parties' purchase agreement. Sherrod argues that the attorney fees and costs awarded comprise an ancillary judgment, not intended to be covered by the appeal bond and, commensurately, that a final judgment has not yet been rendered in the breach of contract action, triggering the conditions for disbursement of the appeal bond, because the trial court has, as of yet, failed to conduct another trial on the issue of damages for the breach of contract. Thus, according to Sherrod, bifurcation of the judgment is not permissible because the conditions precedent identified in the appeal bond have not been triggered so that disbursement of the appeal bond would be premature. Further, pending a determination of damages for the breach of contract, whether Sherman will remain entitled to any payment from the appeal bond is in question and also renders vulnerable the current attorney fees awarded. Sherrod asserts that her position is consistent with a ruling by this Court indicating that the determination of liability on the indemnification provision is independent of and separate from the breach of contract action and, therefore, is not properly discharged through the appeal bond. At least, Sherrod argues the appeal bond should be continued and remain intact pending the conduct of another damages trial and resolution of all the outstanding issues in a final judgment.

---

[2] The factual history of this case has been previously discussed in *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2013 (Docket Nos. 299045, 299775, 308263), p 3 (*Sherman I*), and *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2015 (Docket Nos. 320689, 323278, 324569), pp 2-3 (*Sherman II*).

"This Court reviews de novo a trial court's resolution of issues of law, including the interpretation of statutes and court rules." *State Treasurer v Bences*, 318 Mich App 146, 149; 896 NW2d 93 (2016). Similarly, "[w]hether the law of the case doctrine applies is a question of law that we review de novo." *KBD & Assoc, Inc v Great Lakes Foam Technologies, Inc*, 295 Mich App 666, 679; 816 NW2d 464 (2012) (citation omitted). In addition, judicial estoppel comprises an equitable doctrine, and "[w]hen reviewing equitable actions, this Court reviews the trial court's decision de novo." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012). "The question whether res judicata bars a subsequent action is reviewed de novo by this Court." *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

In this litigation, Sherrod was required to post an appeal bond in the amount of $250,000 or submit to a creditor's examination, in order to pursue her appeal before this Court of the trial court's grant of summary disposition in favor of Sherman on the breach of contract action, which resulted in an award of $181,048 to Sherman. *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished order of the Court of Appeals, entered August 24, 2011 (Docket Nos. 299045; 299775). Sherrod complied on November 3, 2011, submitting an appeal bond in the requisite amount, which stated, in relevant part:

> The principal and surety, if applicable, are bound jointly and severally to the appellee [Sherman] or the court in the sum stated if the principal fails to perform any of the following obligations:
>
> 1. diligently prosecute this appeal to decision.
>
> 2. if the reviewing court affirms the lower court's judgment or the appeal is dismissed or discontinued, perform or satisfy the judgment or order appealed including costs and interest.

On appeal, this Court affirmed the grant of summary disposition on the breach of contract action in favor of Sherman, but remanded the issue of damages to the trial court for further proceedings. *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2013 (Docket Nos. 299045, 299775, 308263), pp 5-6 (*Sherman I*).

While a separate appeal filed by Sherrod was pending, the trial court, consistent with this Court's decision in *Sherrod I*, conducted a jury trial on the issue of damages for the breach of contract, resulting in a verdict in favor of Sherman of $432,356, with a judgment, including interest, entered on February 19, 2014, in the amount of $611,798.92. On March 5, 2014, the trial court also entered a separate judgment in the amount of $392,693.92, as an award of attorney fees and costs to Sherman, in addition to $193,439.50 in case evaluation sanctions. This led to Sherrod's next appeal of the trial court's February 19, 2014 judgment, as well as a challenge to the award of attorney fees, costs and case evaluation sanctions. This Court affirmed the award of attorney fees and sanctions under the indemnification provision of the parties' contract. *Michael S Sherman, DO, PC v Shirley T Sherrod, MD, PC*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2015 (Docket Nos. 320689, 323278, 324569), pp 7-10, 16 (*Sherman II*). This Court, however, remanded the matter to the trial court again on the amount of the breach of contract damages. *Id*. at 7.

In addressing the award of attorney fees and costs under the indemnification provision of the medical practice purchase agreement, this Court cited the relevant contractual language as being comprised of the following:

> 15. Indemnification by Seller. Seller shall indemnify and hold Purchaser harmless against any and all loss, injury, liability, claim, damage or expense, including reasonable attorneys' fees, interest, court costs and amounts paid in settlement of claims, suffered by Purchaser which results from any breach by Seller of any representations or warranties made by Seller in this Agreement and the failure by Seller to perform any of its obligations under this Agreement[.] [*Sherman II*, unpub op at 8.]

Citing *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 173; 848 NW2d 95 (2014), this Court reiterated that "an indemnity contract creates a direct, primary liability between the indemnitor and the indemnitee that is original and independent of any other obligation." *Sherman II*, unpub op at 8. This Court deemed the indemnity clause to be "all-inclusive," based on use of the terms "any" and "all" and found that

> the clause requires indemnification for those expenses suffered by plaintiffs resulting from both defendants failure to perform their obligations under the purchase agreement and any claims made against plaintiffs, indicating that the two were intentionally set apart as differing sources for potential losses, damages, or expenses. . . . The trial court granted Garden City Hospital's motion for summary disposition, finding that Dr. Sherrod quit her employment with Garden City before the 12-month period specified in the employment agreement. Thereafter, plaintiffs moved for summary disposition contending that because Dr. Sherrod prematurely quit her employment with Garden City, she did not assist in maintaining the patient base, transfer the practice as an ongoing business concern, or provide her goodwill as required under the parties' contract. The trial court granted summary disposition in plaintiffs' favor, and we affirmed. Based upon the history and law of this case, then, more than Dr. Sherrod's breach of her employment contract with Garden City was at issue. Thus, the trial court properly determined that the plain language of the indemnification clause applied in the instant matter. [*Sherman II*, unpub op at 8-9.]

This Court rejected, however, Sherrod's contention that the attorney fees comprised an issue of damages for determination by a jury, at least in part because Sherrod failed to support this argument by citation to any legal authority. *Id*. at 9. Consequently, this Court found:

> [T]he indemnity provision is independent of plaintiffs' breach of contract action against defendants and their request for attorney fees is part and parcel of the indemnity provision rather than a request for damages to compensate them for defendants' breach of the parties' contract. In many cases where parties have an indemnification agreement that provides for payment of reasonable attorney fees, after a jury has found in favor of one party against another on the contractual indemnity claim, the issue of reasonable attorney fees has been submitted to and

resolved by the judge. The trial court did not err in resolving the issue in this case. [*Id*. (citation omitted).]

This Court also disagreed with Sherrod's assertion that the trial court erred in failing to conduct an evidentiary hearing on the amount of attorney fees, because "[a]t the time it rendered its decision, the trial court had all of the information necessary to determine whether the fees requested were reasonable," and found that the trial court did not err in "awarding the amount of fees that it did." *Id*. at 10, 11. Thus, the question that remains to be answered is whether the award of attorney fees and costs comprises a separate and distinct ruling from the breach of contract decision for which the appeal bond was initially procured and can the appeal bond be used to discharge the attorney fee debt.

An appeal bond is authorized by MCR 7.204(E)[3] and MCR 7.209(B)(1)[4]. In addition, MCR 7.209(F) provides, in relevant part:

(1) *Civil Actions and Probate Proceedings*. In a bond filed for stay pending appeal in a civil action or probate proceeding, the appellant shall promise in writing:

(a) to prosecute the appeal to decision;

(b) to perform or satisfy a judgment or order of the Court of Appeals or the Supreme Court;

(c) to perform or satisfy the judgment or order appealed from, if the appeal is dismissed;

\* \* \*

(e) to do any other act which is expressly required in the statute authorizing appeal. [MCR 7.209(F)(1).]

Sherrod contends that when the bond was issued, the indemnification provision and resultant judgment awarding attorney fees under that provision were not on appeal. In 2011, when the appeal bond was initiated, it addressed Sherrod's appeals in Docket Numbers 299045 and 299775, encompassing an August 4, 2010 order granting case evaluation sanctions to Sherman and the June 25, 2010 order granting summary disposition to Sherman in Docket

---

[3] "Within the time for taking the appeal, the appellant shall file in the court or the tribunal from which the appeal is taken . . . any bond required by law as a condition for taking the appeal[.]" MCR 7.204(E)(3).

[4] "Unless determined by law, or as otherwise provided by this rule, the dollar amount of a stay or appeal bond in a civil action or probate proceeding must be set by the trial court in an amount adequate to protect the opposite party." MCR 7.209(B)(1).

Number 299045. Sherman had not fully prevailed in that the judgments rendered were not entirely affirmed in *Sherman I*, which required a remand to the trial court to reconsider the breach of contract damages awarded. *Sherman I*, unpub op at 8-9. At this juncture, the appeal bond was continued by the trial court and this Court declined Sherrod's application for leave to appeal that decision.

Sherman argues that the language of the appeal bond referencing affirmance of "the lower court judgement" encompasses the March 5, 2014 order for attorney fees under the indemnification provision. Sherrod insists that the attorney fee award, based on the disparate dates of that award and the appeal bond, demonstrates that the attorney fee judgment was not contemplated by the appeal bond. Based on the language of the appeal bond, there are two situations that will trigger performance on the bond. The first condition, involving the failure to "diligently prosecute this appeal to decision" does not appear to be asserted by either party as a reason for disbursement. Rather, it is the second, multi-part, condition that is disputed. As noted, the second condition that will trigger Sherrod's performance on the appeal bond is: "If the reviewing court affirms the lower court judgment *or* the appeal is dismissed or discontinued, perform or satisfy the judgment or order appealed including costs and interest."

This Court has only affirmed the lower court judgment with respect to the imposition of liability for breach of contract, but not the award of damages, which remains to be determined. Because the matter remains pending, awaiting a new trial on damages, the language pertaining to the dismissal or discontinuation of the appeal is not applicable. This Court has, however, affirmed the award of attorney fees granted in conjunction with the indemnification provision. Similarly, the wording indicating that the bond is triggered if Sherrod fails to "perform or satisfy the judgment or order appealed including costs and interests" arguably has not been triggered because execution on a judgment cannot issue until 21 days after a "final judgment (as defined in MCR 7.206[6]) is entered in the case." MCR 2.614(A)(1). A final judgment in a civil case is defined as:

(i) the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order;

(ii) an order designated as final under MCR 2.604(B);

* * *

(iv) a postjudgment order awarding or denying attorney fees and costs under MCR 2.403, 2.405, 2.625 or other law or court rule[.] [MCR 7.202(6)(a).]

The authority of the trial court to enter a judgment on a bond is premised on MCR 3.604(I)(1), which states:

In an action in which a bond or other security has been posted, judgment may be entered directly against the surety or the security on motion without the necessity of an independent *action on a showing that the condition has occurred giving rise to the liability on the bond or to the forfeiture of the security*. [Emphasis added.]

-6-

Sherrod insists that because a final judgment, encompassing the breach of contract damages, has not been obtained it is premature to disburse the appeal bond to Sherman for the attorney fees awarded by the trial court in its later March 4, 2014 order. Sherman suggests that Sherrod has been engaging in legal tactics to delay or avoid payment of amounts already determined by the trial court to be owed and which have been affirmed by this Court, and should not be permitted to continue to procrastinate in remitting payment. Sherman also contends that the position taken on appeal by Sherrod is contrary to that posited in the trial court regarding whether the bond's scope includes the award of attorney fees.

Several factors must be considered in determining the propriety of disbursement of the appeal bond for attorney fees. Primary among those factors is the historical treatment of indemnification as separate from other contractual damages and this Court's recognition of this distinction. It has been found by our Supreme Court that "[a]n indemnity contract creates a direct, primary liability between the indemnitor and the indemnitee that is original and independent of any other obligation." *Miller-Davis Co*, 495 Mich at 173. Further, "[w]here parties have expressly contracted for indemnification, 'the extent of the duty must be determined from the language of the contract.'" *Id*. at 174 (citation omitted). The initial wording of the first sentence of the indemnification provision relevant to this matter states:

> Seller *shall indemnify* and hold Purchaser harmless *against any and all loss, injury, liability, claim, damage or expense, including reasonable attorneys' fees*, interest, court costs and amounts paid in settlement of claims, *suffered by Purchaser which results from* any breach by Seller of any representations or warranties made by Seller in this Agreement and *the failure by Seller to perform any of its obligations under this Agreement*[.] [Emphasis added.]

Based on this language, Sherrod's obligation to indemnify Sherman is mandatory premised on the word "shall"[5] and encompassing, premised on the words "against any and all loss . . . including reasonable attorneys' fees," resulting from Sherrod's "failure . . . to perform any of its obligations under this Agreement." See *Miller-Davis Co*, 495 Mich at 175 ("The plain language of this clause is inclusive. The clause uses the terms 'all' or 'any,' which provide for the broadest possible obligation to indemnify.").

On appeal, this Court discussed the language of the indemnification provision of the purchase agreement, finding:

> The plain language of the indemnity clause at issue is all-inclusive. It requires indemnification by plaintiffs against "any and all loss . . . damage or expense, including reasonable attorneys' fees . . . suffered by Purchaser which results from . . . the failure by Seller to perform any of its obligations under this Agreement and any claims made against Purchaser. . . ." The clause uses the terms "all" and "any," which provide for the broadest possible obligation to indemnify.

---

[5] "The word 'shall' is unambiguous and is used to denote mandatory, rather than discretionary, action." *Yachcik v Yachcik*, 319 Mich App 24, 36; 900 NW2d 113 (2017) (citation omitted).

Moreover, the clause requires indemnification for those expenses suffered by plaintiffs resulting from both defendants failure to perform their obligations under the purchase agreement and any claims made against plaintiffs, indicating that the two were intentionally set apart as differing sources for potential losses, damages, or expenses. [*Sherman II*, unpub op at 8.]

In the context of discussing Sherrod's contention that because contractual attorney fees comprised an issue of damages the amount that could be recovered in fees comprised an issue of fact for a jury to assess, this Court disagreed, stating:

Defendants have provided no authority suggesting that payment of attorney fees as part of an indemnity provision qualifies as damages. As previously indicated, "an indemnity contract creates a direct, primary liability between the indemnitor and the indemnitee that is original and independent of any other obligation." Thus, the indemnity provision is independent of plaintiffs' breach of contract action against defendants and their request for attorney fees is part and parcel of the indemnity provision rather than a request for damages to compensate them for defendants' breach of the parties' contract. In many cases where parties have an indemnification agreement that provides for payment of reasonable attorney fees, after a jury has found in favor of one party against another on the contractual indemnity claim, the issue of reasonable attorney fees has been submitted to and resolved by the judge. The trial court did not err in resolving the issue in this case. [*Sherman II*, unpub op at 9 (citations omitted).]

This leads to Sherrod and Sherman, respectively, asserting that the law of the case and judicial estoppel support their positions. Specifically, Sherman argues that Sherrod, in the trial court, took the position that the appeal bond secured both the breach of contract damages judgment and the indemnification judgment, but in the current appeal contends that the indemnification damages comprise an ancillary matter not covered by the appeal bond. "The doctrine of judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. This doctrine is utilized in order to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *White v Wyndham Vacation Ownership, Inc*, 617 F3d 472, 476 (CA 6, 2010).[6] While Sherman is correct that in the trial court Sherrod argued that the bond covered the entire case, including the attorney fees award, Sherrod's primary argument was that a final judgment has not been obtained because the damages for the breach of contract had not yet been determined and, therefore, any disbursement of the appeal bond would be premature. The difficulty with Sherman's application of the doctrine of judicial estoppel in this case is having overlooked that while Sherrod may have altered her argument on appeal, calling into question whether certain aspects of the issue are

---

[6] "[F]ederal case law can only be persuasive authority, not binding precedent, in resolving the present case, which involves only questions of state law." *NL Ventures VI Farmington, LLC v City of Livonia*, 314 Mich App 222, 237 n 3; 886 NW2d 772 (2016) (citation omitted).

properly preserved, she did not prevail in the trial court, thus obviating the applicability of judicial estoppel. See *Paschke v Retool Indus*, 445 Mich 502, 510; 519 NW2d 441 (1994) (footnote omitted) ("Under the 'prior success' model, the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true. Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent.").

In turn, Sherrod asserts that this Court's earlier ruling in *Sherman II*, unpub op at 9, wherein this Court found that "the indemnity provision is independent of plaintiffs' breach of contract action against defendants and their request for attorney fees is part and parcel of the indemnity provision rather than a request for damages to compensate them for defendants' breach of the parties' contract," comprises the law of the case and precludes disbursement of the appeal bond for payment on the awarded attorney fees. Citing as authority *Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000), this Court has explained:

> Under the law of the case doctrine, if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [*Int'l Bus Machines, Corp v Dep't of Treasury*, 316 Mich App 346, 351; 891 NW2d 880 (2016) (citations and quotation marks omitted).]

Sherman responds, in part, by arguing that this Court's affirmation of the trial court's grant of summary disposition regarding the claim of a breach of contract by Sherrod and the attorney fees awarded under the indemnification provision of the purchase agreement comprised res judicata, permitting the payment of the appeal bond. As explained in *Adair v Michigan*, 317 Mich App 355, 365; 894 NW2d 665 (2016):

> The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when the following three elements are met: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. The doctrine bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not. [Citations and quotation marks omitted.]

In effect, Sherman is suggesting that because the ruling regarding the award of attorney fees, under the doctrine of res judicata, comprises a final judgment on that issue in conjunction with this Court's affirmation of the determination that Sherrod was in breach of contract with Sherman that the appeal bond can be disbursed to recompense Sherman, in part, for the favorable judgments already obtained.

All of these arguments and contentions serve to obfuscate and confuse the basic issue: Does the appeal bond include or apply to an award of attorney fees on the indemnification provision of the parties' agreement? Initially, as noted, the appeal bond was issued on November 3, 2011, to fulfill a requirement imposed in Docket Nos. 299045 and 299775, to permit Sherrod to proceed with her appeal of the trial court's ruling in granting summary disposition to Sherman on the claim of breach of contract and the resultant award of $181,048. This places the language of the appeal bond in temporal context. The appeal bond requires the "diligent[] prosecut[ion of] *this appeal to decision*." The appeal bond further indicates: "If the reviewing court *affirms the lower court judgment* or *the appeal is dismissed or discontinued*, perform or satisfy *the judgment or order appealed* including costs and interest." (Emphasis added.) The later award of attorney fees under the indemnification provision of the purchase agreement occurred on March 5, 2014, which became a part of a separate appeal in Docket No. 320689. A separate appeal bond was not sought or issued for that appeal.

Based on the language of the appeal bond, when viewed in the contextual and temporal time frame of its issuance, the appeal bond was required to provide assurance of payment, pending the outcome of the appeal of the trial court's ruling granting summary disposition to Sherman on the breach of contract action. As such, the appeal bond was issued to assure payment of the damages awarded for the breach of contract claim, and not subsequent or related judgments obtained after the issuance of the bond. Quite frankly, nothing precluded Sherman from seeking to have more than one appeal bond in this matter, particularly given the extensive number of appeals undertaken. Such a determination is consistent with the language of MCR 7.209(F)(1)(c) governing appeal bonds in civil actions, indicating that such a bond evinces a promise by the appealing litigant "to perform or satisfy *the judgment or order appealed from. . . .*" Thus, in this instance, the appeal bond is associated with the trial court's judgment of June 25, 2010, granting summary disposition in favor of Sherman and awarding damages for breach of contract. The appeal bond does not reference or encompass the subsequent judgment of March 5, 2014, awarding attorney fees and interest to Sherman. "[T]he extent of the appellant's liability is governed by the terms of the bond itself." *Tennessee Valley Auth v Atlas Mach & Iron Works, Inc*, 803 F2d 794, 798 (CA 4, 1986). This is consistent with MCR 3.604(I)(1), which permits a judgment to "be entered directly against the surety or the security on motion . . . on a showing that the condition has occurred giving rise to the liability on the bond. . . ." (Emphasis added.)

In support of her position, Sherrod cites two opinions from this Court: (a) *Kroll v Crest Plastics, Inc*, 142 Mich App 284; 369 NW2d 487 (1985), and (b) *Angell & Costopolous, PC v Southfield Data Processing, Inc*, unpublished per curiam opinion of the Court of Appeals, issued November 6, 1998 (Docket No. 199815).[7] In *Kroll*, 142 Mich App at 292-293, this Court determined a surety was not liable on a bond, citing 5 Am Jur 2d, Appeal and Error, § 1033, pp 456-457, which stated:

> Where the appellate court reverses a money judgment and remands it to the trial court for further action, without specifically directing what such action should be,

---

[7] Unpublished cases lack "precedential authority." *Howell Ed Ass'n MEA/NEA v Howell Bd of Ed*, 287 Mich App 228, 243; 789 NW2d 495 (2010).

the surety is not liable on the supersedeas bond under the new judgment of the trial court against his principal, since this is an independent judgment and not that of the appellate court. But where the appellate court reverses and directs the trial court to enter a judgment in a different but certain amount, or to enter a specified order, without leaving any discretion in the trial court, the surety is liable on the bond if the principal fails to pay the judgment or obey the order entered by the trial court. [Footnotes omitted.]

Sherrod suggests this ruling supports the termination of the bond and return of the monies to Sherrod. This fails to recognize, however, the underlying factual distinctions between *Kroll* and the current litigation. In *Kroll*, the Supreme Court vacated the trial court's judgment and remanded the matter for additional proceedings to resolve factual issues that were "inappropriately decided on a motion for summary judgment." *Kroll*, 142 Mich App at 292. In this instance, this Court has affirmed the grant of summary disposition and only remanded for further determination of the appropriate damage award.

> Similarly, in *Angell & Costopolous, PC*, unpub op at 2, this Court stated, in relevant part:

> There is no court rule governing the disbursement of an appeal bond when an appellant prevails on appeal. Defendant has fully satisfied all the conditions of the appeal bond. He diligently prosecuted the appeal to decision. This Court did not affirm the circuit court judgment, triggering the obligation to satisfy the judgment. This Court remanded the matter to the trial court, and did not retain jurisdiction. Thus, the original basis for filing the appeal bond, to allow defendant to prosecute the appeal, no longer exists. Under these circumstances, the circuit court is obligated to enter an order under MCR 8.106 disbursing the bond proceeds and any accumulated interest to defendant.

Again, this decision is distinguishable from the current situation because this Court has affirmed the trial court's finding of Sherrod's liability to Sherman; merely a determination of the amount of damages remains pending. As such, Sherrod's contention that the appeal bond proceeds should be returned to her is without merit.

In this instance, the basis for issuance or procurement of an appeal bond has not been satisfied. The appeal bond was obtained to permit Sherrod to prosecute her appeal regarding the grant of summary disposition in favor of Sherman on the breach of contract claim and the amount awarded in damages for breach of contract. This Court affirmed the grant of summary disposition finding no material issue of fact regarding the contract breach and affirming that ruling, but remanding to the trial court for an alternative assessment of damages arising from the breach. This aspect of the appeal remains outstanding having been appealed and remanded twice, without having yet achieved a final determination of the amount of damages to be awarded for the breach of contract. Thus the original basis or reason for the filing of the appeal bond continues to exist because the issue of damages for the breach of contract remains to be determined, precluding disbursement of the appeal bond until a final judgment has been realized.

## II. REASSIGNMENT ON REMAND

Sherrod asserts that on remand this matter should be reassigned to an alternative judge. Sherrod argues that this matter should be reassigned to an alternative judge on remand based on a demonstrated lack of interest in the case by the trial judge, as indicated by the failure to have rescheduled another trial on the breach of contract damages issue following the last remand from this Court, errors in ruling identified by this Court and the trial judge's presumed inability or reluctance to set aside his previously expressed views and opinions.

"Generally, an issue is not properly preserved if it is not raised before, addressed, or decided by the circuit court or administrative tribunal." *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). To preserve an issue of judicial bias it is incumbent on the party asserting the claim to raise it before the trial court. *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 56 n 2; 539 NW2d 382 (1995). At the motions to enforce the appeal bond and for entry of judgment, while the parties argued regarding the propriety of discharging the appeal bond, argument did not encompass the trial court's performance or any purported bias. As such, the issue is not preserved for appellate review. However, "this Court may disregard the issue preservation requirements and review may be granted if failure to consider the issue would result in manifest injustice." *Polkton Charter Twp*, 265 Mich App at 95-96.

As recognized by this Court in *In re Guardianship of Redd*, 321 Mich App 398, 413; 909 NW2d 289 (2017):

> The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case. This Court may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication. [Citations and quotation marks omitted.]

Unpreserved issues are reviewed for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). Specifically, "[t]o avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* (citation omitted). "In the absence of the requisite level of prejudice, this unpreserved error fails to provide a basis for appellate relief." *Matter of Snyder*, 223 Mich App 85, 93; 566 NW2d 18 (1997).

In accordance with MCR 2.003(C)(1)(a), a litigant may seek disqualification of a judge if the judge is biased or prejudiced for or against a party. "The general concern when deciding whether to remand to a different trial judge is whether the appearance of justice will be better served if another judge presides over the case. We may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d

-12-

812 (2004). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). "The mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *Id*. (citation and quotation marks omitted).

Sherrod mischaracterizes the context of the trial judge's statements in recent hearings initiated by Sherman for disbursement of the appeal bond. Contrary to Sherrod's implication, the reference to the existence of a judgment by the trial court pertains to the award of attorney fees, which this Court affirmed. Sherrod contends the trial court ignored this Court's reversal of the judgment for breach of contract damages and remand for a new trial. This is not entirely accurate because this Court affirmed the grant of summary disposition, and merely remanded for a new determination of damages for the breach of contract. While it is true that the trial court was found by this Court to have erred in its determination of the damages award on remand based on the failure to permit testimony and evidence to establish the damages attributable to Sherrod's breach or to discredit the claims of monetary damages resulting from the breach, it also affirmed various rulings by the trial court. *Sherman II*, unpub op at 16. As noted, "[t]he mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *In re Contempt of Henry*, 282 Mich App at 680.

Sherrod also criticizes the trial court for having not yet set a new date for the breach of contract damages determination. The trial court received this Court's ruling in *Sherman II* on December 17, 2015. This Court's denial of Sherrod's motion for reconsideration was received by the trial court on March 22, 2016, and our Supreme Court's denial of Sherrod's application for leave to appeal was received on May 31, 2017. Sherman filed a motion for disbursement of the appeal bond in September 2017, which the trial court entered on October 2, 2017. Sherrod filed the current appeal concurrent with that order and was granted a stay of proceedings. As such, the delay by the trial court in scheduling another hearing or trial on the damages issue is attributable, in significant part, to Sherrod's filing of appeals challenging this Court's ruling in *Sherman II* and the initiation of a new appeal in conjunction with a stay of proceedings. "[E]rror requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence. . . ." *Mueller v Brannigan Bros Restaurants & Taverns, LLC*, 323 Mich App 566, 586; 918 NW2d 545 (2018) (citation omitted).

At most, the record reflects the frustration of the trial judge with the proceedings and Sherrod's consistent effort to avoid or delay payment of the judgments rendered through repetitive appeals and motions for reconsideration, as reflected by the trial judge stating after approving disbursement of the appeal bond: "Yeah, she's owed this money for years, she's been dodging for years, but anyways we'll start getting the bill paid." Notably, this comment by the trial judge followed an implication by Sherrod's counsel that his client was considering appealing the matter further to the United States Supreme Court. The comment does not rise to the level of bias or "deep-seated favoritism or antagonism that would make fair judgment

impossible." *Gates v Gates*, 256 Mich App 420, 440; 664 NW2d 231 (2003). "[I]t is well-settled that [r]epeated rulings against a litigant, no matter how erroneous, and how vigorously and consistently expressed, are not disqualifying." *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 155; 532 NW2d 899 (1995). Because Sherrod failed to demonstrate either favoritism or bias, the "heavy presumption of judicial impartiality" has not been overcome and reassignment is not necessitated. *Gates*, 256 Mich App at 440.

We reverse the trial court's order for disbursement of the appeal bond and deny the request for reassignment of this matter to another judge on remand. We do not retain jurisdiction.


/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter